### POWELL v. THE STATE.

FISH, P. J. 1. Where a witness has been successfully impeached by any of the legal methods, that is where his unworthiness of credit has been absolutely established in the minds of the jury, he ought not to be believed, unless corroborated ; it being, of course, always a matter for the jury to determine whether a witness has been really so impeached. *Smith* v. *State*, 109 *Ga.* 479 ; *Holston* v. *Southern Ry. Co.*, 116 *Ga.* 656.

2. The fact that a witness has been convicted of a crime involving moral turpitude may be considered in determining his credibility. *Shaw* v. *State*, 102 *Ga.* 660.

3. The instructions to the jury, of which complaint is made in the present case, were in substantial accordance with the rules above announced.

4. Where evidence was introduced by the State for the purpose of impeaching the witnesses who testified in behalf of the accused, it was not error for the court, in connection with the instructions on the law of impeachment of witnesses, to say to the jury that the State insisted that the witnesses for the accused had been impeached.

5. It has frequently been ruled that an exception to an entire charge will not be considered, unless the whole charge be subject to such exception. *McLendon* v. *Frost*, 57 *Ga.* 448, 450 (12); *Anderson* v. *Southern Ry. Co.*, 107 *Ga.* 500 ; *Newman* v. *Day*, 108 *Ga.* 813.

6. It is well settled that a new trial will not be granted for newly discovered evidence which tends merely to impeach a witness.

7. The evidence warranted the verdict, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*

Argued March 20, — Decided March 24, 1905.

Conviction of manslaughter. Before Judge Spence. Dougherty superior court. January 16, 1905.

*Walters & Walters*, for plaintiff in error.

*W. E. Wooten*, solicitor-general, by *Arnold & Arnold*, contra.