## PURVIS v. ATLANTA NORTHERN RAILWAY COMPANY.

BECK, J. 1. The plaintiff's suit being for the recovery of damages for injuries alleged to have been sustained in consequence of being ejected from a car of the defendant company at a point other than his destination and at a place which, according to the allegations of the petition, was unsafe and dangerous, and there being evidence tending to support such allegations, the court erred in giving to the jury a charge which excluded from their consideration the alleged negligence of the defendant in carrying plaintiff beyond the street which he alleged was his intended destination.

2. The court charged the jury as follows: "If a witness has been impeached by proof of contradictory statements, the contradictory statements ought to be rejected, that is, the statements delivered by the witness on the stand which are in conflict with any statement heretofore made, you would reject that, and the balance of the testimony of that witness is to receive such credit as you think it is entitled to." The instruction contained in this portion of the charge was confusing; and if it be construed, as it very probably was construed, by the jury, as requiring them to find that as between sworn testimony and previous contradictory statements the sworn testimony was false and therefore to be rejected, the rule submitted for the guidance of the jury was not sound.

3. Where the plaintiff in his petition alleged that he was a passenger who had paid his fare, and predicated his right to recover on the violation by the company of the extraordinary care due to passengers, he could not recover if it was shown by the evidence that he was a mere trespasser, and it was not error for the court to give the jury instructions embodying this rule.

4. Where a plaintiff alleges that he was a passenger on a car and was carried beyond the point where he had informed the conductor that he intended to alight, and was then ejected from the car in the dark, and, as he started to leave the place where he was put off, fell over an embankment of the railway company and was hurt; and where the plaintiff's evidence tended to substantiate these allegations, and the defendant introduced in evidence the petition in a former suit which had been brought by the plaintiff and dismissed, in which it was alleged that he was pushed from the car by the conductor and fell over the embankment, this did not authorize the following charge, which was excepted to: "If you believe from the testimony that the conductor pushed the plaintiff off the car, and that this push of the conductor caused him to fall down the bank, against the bank, and that he got hurt, he can not recover in this case."

5. Exception was taken to the following charge: "If you believe that the plaintiff was hurt at substantially the place he says he was hurt, he can recover, but if he was hurt at substantially another place, substantially a different location from that claimed by him, he can not recover in this case." The word "claimed" as here used is ambiguous, as the court may have had reference to the allegations of the petition or simply to the testimony of the plaintiff. Besides, to warrant the charge there should be evidence tending to show such a substantial difference in loca-

tion as to make a different transaction, or to substantially vary the law or the defense applicable to the particular place at which the injury occurred from that which would have been applicable to the place alleged.

6. Exception is also taken to the following charge of the court: "The plaintiff claims that he was hurt by being ejected from the right-hand side of the car, and that he fell on the right-hand side of the embankment, going towards Marietta; and if you believe from the testimony that his injury did not occur in that way, but that he left the car on the left-hand side of the embankment, and that he fell down the left-hand side of the embankment, and not the right-hand side, he can not recover in this case." The criticism upon the charge set forth in the preceding headnote is applicable also to the extract from the charge last quoted.

*Judgment reversed. All the Justices concur.*

SEPTEMBER 26, 1911.

Action for damages. Before Judge Pendleton. Fulton superior court. July 19, 1910.

The plaintiff in error brought suit against the Atlanta Northern Railway Company, and alleged, that on the night of May 16, 1906, between 11 and 12 o'clock, he boarded one of the defendant's cars in Atlanta; that when he got on he paid the conductor a five-cent fare and told him he wanted to get off at Ponder's avenue; that the conductor "accepted his fare and information as to the stopping-place desired, without demur, and the car moved on;" that the conductor failed to stop the car at Ponder's avenue, or to give warning of the approach of the car to said street; that it was dark, and the plaintiff could not observe when the car reached or passed Ponder's avenue; that the conductor then came to plaintiff and demanded another fare, which the plaintiff refused to pay, and the conductor stopped the car, took plaintiff to the rear platform, and compelled him to get off, against his will and protest; that the place at which he was put off was at a point beyond Howell station; that the night was dark, and there was no light at the place except that which came from the car, and the car immediately proceeded on its way, leaving plaintiff in total darkness; that when plaintiff undertook to turn around and walk back to the city, at his first step he fell over an embankment about 15 or 20 feet high and sustained serious injuries; that the defendant was negligent in not having the car stop at Ponder's avenue, in putting plaintiff off the car at all after carrying him beyond said street, and especially negligent in putting him off in a strange and dangerous place at night, when there was no light, without giving him any notice or warning of the dangerous position in which he was thus placed. Upon

the trial the jury returned a verdict for the defendant. The plaintiff made a motion for a new trial, which was overruled, and he excepted.

*A. H. Davis*, for plaintiff. *Colquitt & Conyers*, for defendant.