### GEORGIA RAILWAY AND ELECTRIC COMPANY *v.* COCKE.

FISH, C. J. 1. On the trial of an action against a railway company for personal injuries, the court properly excluded evidence offered by the defendant, that "She [the plaintiff] was not paying a great deal of attention to where she was going." This was merely the expression of the opinion of the witness. The ruling excluding it on objections thereto will be sustained, though no specific ground of objection was made to its admission.

2. The court gave this instruction: "The jury should reconcile conflicting evidence whenever possible, so as to make all the witnesses speak the truth and impute perjury to no one. If this can not be done, the jury may believe the witness or those witnesses who have the best opportunity to know the facts and the least inducement to swear falsely, if the testimony is otherwise acceptable to you under the instructions which I have given you." Error was assigned upon the last sentence of this instruction. In the same connection and immediately preceding this instruction, the court had fully and correctly charged the jury as to matters they might consider in determining the credibility of witnesses. By the expression, "if the testimony is otherwise acceptable to you," the court doubtless meant if the jury should be satisfied of the credibility of the witness, and it is probable that the jury so understood the instruction. While wanting in accuracy, we do not think the instruction was calculated to mislead the jury. The last and qualifying clause of the instruction differentiates it from the charge held to be erroneous in *Louisville & Nashville R. Co.* v. *Rogers,* 136 *Ga.* 674 (3), 676 (71 S. E. 1102).

3. Another instruction excepted to was as follows: "A witness may be impeached by proof of contradictory statements, previously made, as to matters material to his testimony and to the case. If an attempt has been made to impeach any witness on that ground, it would be your duty to look to the testimony and see whether any witness has been successfully impeached. You will see whether any witness has made, on the stand, a statement which was contradictory to any state-

ment previously made, and whether that statement was material to his testimony and to the case, and you will determine whether the impeachment has been successful, and if it has been successful and it is on a material point, it would be your duty to disregard the statement of the witness on the stand which is in conflict with previous statements made, and the credibility or weight to be given to the balance of the testimony of a witness is for the jury to determine." The portion of the instruction excepted to is: "it would be your duty to disregard the statement of the witness on the stand which is in conflict with previous statements made." In *Purvis* v. *Atlanta Northern Ry. Co.*, 136 *Ga.* 852 (72 S. E. 343), it was held that an instruction substantially the same as that here excepted to "was confusing; and if it be construed, as it very probably was construed, by the jury, as requiring them to find that as between sworn testimony and previous contradictory statements, the sworn testimony was false and therefore to be rejected, the rule submitted for the guidance of the jury was not sound." The only witness whom it was sought to impeach, in the present case, by proof of previous contradictory statements, was one who testified in behalf of the defendant below against whom the verdict was rendered, and the erroneous instruction herein dealt with was calculated to harm the defendant; and therefore, because of it, the judgment of the court refusing a new trial is reversed.

4. There is nothing in any of the other grounds of the motion for a new trial which requires a reversal.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*
MARCH 2, 1912.

Action for damages. Before Judge Pendleton. Fulton superior court. July 20, 1910.

*Colquitt & Conyers,* for plaintiff in error.

*R. R. Arnold* and *Westmoreland Brothers,* contra.