## CALLAWAY et al. v. PEARSON.

ATKINSON, J. A partnership composed of C. and Y. sold their business and property to a partnership composed of C. and P., the trade being effected by the partner who was the common member of both firms. In part the consideration of the sale was that the purchasing firm assumed all the debts of the selling firm, and that the purchasing firm was to give its note to partner Y., of the selling firm, for a stated amount. The transaction was consummated by the execution of a deed. Subsequently the purchasing firm paid certain items of indebtedness of the selling firm, which were not disclosed to P. at the time of the sale; and partner Y., of the selling firm, collected certain accounts which had been sold to the purchasing firm, and appropriated the proceeds to his own use. The note contracted to be given to Y. by the firm of C. and P. was executed by C. in behalf of the firm of C. and P., and was for a larger sum than that agreed on, and the note was transferred before due to an innocent holder, who sued upon it to judgment, which judgment was paid by P. Two years after the sale P. brought suit against C. and Y., alleging the foregoing facts, and "that there are no debts owing by the said firm of [C. and P.] and no credits of said firm, and were none when this suit was filed," praying for an accounting from C. and Y. as individuals, and for judgment for a stated sum representing the excess of the note given by C. and P. to Y. over that agreed upon, and one half of the other several amounts referred to above. *Held:*

1. As the firm of C. and P. is not dissolved, and no agreement of settlement between the partners is alleged, and no case for an equitable accounting of the partnership or insolvency of the partner C. is alleged; whatever right of action may exist against Y., or C. and Y., on account of the payment of indebtedness of the firm of C. and Y. by the firm of C. and P., is in the latter firm, and not in the partner P.

2. Accounts sold by the selling firm to the purchasing firm belong to the latter; and if after the sale one member of the selling firm collects

items of indebtedness so transferred and appropriates the same to his own use, the right of action to recover the sums thus appropriated is in the purchasing firm, and not in one of the members thereof.

3. The allegations respecting the execution of the note to Y. and C. in behalf of C. and P., in excess of the amount agreed on, with intent to defraud P., and the payment of the judgment on the note by P., sufficiently state a case of tort; and in the absence of special demurrers or objections as to multifariousness, there was no error in overruling a general demurrer to the petition.

4. The instructions of the court were not in accord with the foregoing rulings, and the verdict is not supported by the evidence.

*Judgment reversed. All the Justices concur.*

FEBRUARY 27, 1913.

Complaint. Before Judge Sheppard. Tattnall superior court. October 4, 1911.

*E. C. Collins* and *Hines & Jordan,* for plaintiffs in error.

*Travis & Travis* and *J. V. Kelley,* contra.