CALLAWAY *et al. v.* PEARSON.

Where an action was brought in the superior court, and after trial the case was brought to this court for review, which held that the cause of action was not for an equitable accounting, but was one of tort, and on the second trial no amendment to the petition was made which would on writ of error to this court bring it within its jurisdiction, the case will be transferred to the Court of Appeals for review and determination, as provided by art. 6, sec. 2, par. 5, of the constitution of the State as amended.

APRIL 10, 1917.

Complaint. Before Judge Sheppard. Tattnall superior court. May 20, 1916.

*James K. Hines* and *Collins & Stanfield,* for plaintiffs in error.
*Travis & Travis* and *J. V. Kelley,* contra.

HILL, J. This case was here on a former occasion, when this court held that no case of equitable accounting was alleged; and that "The allegations respecting the execution of the note to Y. and C. in behalf of C. and P., in excess of the amount agreed on, with intent to defraud P., and the payment of the judgment on the note by P., sufficiently state a case of tort." *Callaway* v. *Pearson,* 139 *Ga.* 540 (77 S. E. 816). When the case was returned to the lower court for a second trial, certain amendments to the petition were filed and allowed, but they did not so change the character of the action as to bring it within the jurisdiction of the Supreme Court on writ of error, the constitution of the State fixing the jurisdiction of this court having been in the meantime amended. The amendment to the constitution fixing the jurisdiction of the Supreme Court is as follows: "The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors of law from the superior courts, and the city courts of Atlanta and Savannah and such other like courts as have been or may hereafter be established in other cities, in all cases that involve the construction of the con-

stitution of the State of Georgia or of the United States, or of treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question; and, until otherwise provided by law, in all cases respecting title to land; in all equity cases; in all cases which involve the validity of, or the construction of wills; in all cases of conviction of a capital felony; in all habeas-corpus cases; in all cases involving extraordinary remedies; in all divorce and alimony cases; and in all cases certified to it by the Court of Appeals for its determination. It shall also be competent for the Supreme Court to require, by certiorari or otherwise, any case to be certified to the Supreme Court from the Court of Appeals for review and determination, with the same power and authority as if the case had been carried by writ of error to the Supreme Court. Any case carried to the Supreme Court or to the Court of Appeals, which belongs to the class of which the other court has jurisdiction, shall, until otherwise provided by law, be transferred to the other court under such rules as the Supreme Court may prescribe, and the cases so transferred shall be heard and determined by the court which has jurisdiction thereof." Acts 1916, p. 19, 18 *Ga. App.* 788. It will be seen from the foregoing that the present case does not come within any of the enumerated classes mentioned in the amended constitution. By the second paragraph of the above-mentioned act of 1916, it will be observed that the Court of Appeals has "jurisdiction for the trial and correction of errors of law from the superior courts, and from the city courts of Atlanta and Savannah and such other like courts as have been or may hereafter be established in other cities, in all cases in which such jurisdiction has not been conferred by this constitution upon the Supreme Court, and in such other cases as may hereafter be prescribed by law," etc. The present case is one sounding in tort, from the superior court, and is not one over which this court has jurisdiction. The Court of Appeals, therefore, has jurisdiction of it, and this court has not. Direction is accordingly given that it be transferred to the Court of Appeals, that it may be heard and determined as required by the amendment to the constitution, supra.　　　　　　　　　　　　　*All the Justices concur.*