METHVIN MINING & INVESTMENT CO. *et al.* v. MATTHEWS *et al.*

GILBERT, J. 1. Where the facts are closely contested, the charge should state the contentions of each side, as made by the pleadings and the evidence, with equal explicitness and fairness. *Freeman* v. *Hamilton*, 74 *Ga.* 318 (6); *Whelchel* v. *Gainesville etc. Ry. Co.*, 116 *Ga.* 431 (3) (42 S. E. 776).

(*a*) The court failed to state the contention of the plaintiffs' version of the oral agreement as to the distraint for rent and the right to terminate that agreement after notice.

(*b*) The plaintiffs' version of the oral contract was not a mere negation of that of the defendants.

2. Where in an equitable proceeding a receiver has been appointed, and he has assets in his hands, and the case is submitted to a jury, all of the issues should be submitted, and the verdict should cover findings upon all, unless one or more issues are eliminated by consent of the parties. The verdict in this case did not cover the issues as to the assets in the hands of the receiver, and the record does not explain such failure.

*Judgment reversed. All the Justices concur, except Fish, C. J., and Beck, P. J., absent.*

No. 168.　OCTOBER 19, 1917.

Equitable petition. Before Judge Fite. Bartow superior court. December 23, 1916.

*J. J. Northcutt* and *Neel & Neel*, for plaintiffs.

*William T. Townsend*, for defendants.