### 8729. CALLAWAY et al. v. PEARSON.

1. "A ground of a motion for a new trial containing an extract from the charge of the court and alleging that the court erred in so charging, but which fails to point out wherein the excerpt quoted is erroneous, or why it should not have been given, or why different instructions should have been given, presents nothing for the consideration of a reviewing court." *Mauldin* v. *Gainey*, 15 Ga. App. 353 (8) (83 S. E. 276).

2. There was no error in admitting the testimony complained of in the 3d ground of the amendment to the motion for a new trial, for either

of the reasons alleged; besides, C. testified himself that Y. received the $250.

3. The evidence complained of in the 4th ground of the amendment to the motion for a new trial was properly admitted.

4. "There being evidence to sustain the verdict, this court can not disturb the finding of the jury by overruling the refusal of the trial judge to grant a new trial upon the ground that the verdict was contrary to evidence or without evidence to support it. *Davis* v. *Kirkland*, 1 *Ga. App.* 5 (58 S. E. 209); *Stricklin* v. *Crawley*, 1 *Ga. App.* 139 (58 S. E. 215); *Charles* v. *Brooker*, 1 *Ga. App.* 219 (58 S. E. 218); *Daughtry* v. *Savannah Ry. Co.*, 1 *Ga. App.* 393 (58 S. E. 230); *Edge* v. *Thomas*, 9 *Ga. App.* 559 (71 S. E. 875)." *McCarty* v. *Keys*, 19 *Ga. App.* 494 (91 S. E. 875).

DECIDED JANUARY 21, 1918.

Complaint; from Tattnall superior court—Judge Sheppard. May 20, 1916.

*Hines & Jordan, Collins & Stanfield,* for plaintiffs in error.

*Travis & Travis,* contra.

BLOODWORTH, J.   The original case between these parties was carried to the Supreme Court, and is reported in 139 *Ga.* 540. The facts as stated in the decision of that court are as follows: "A partnership composed of C. and Y. sold their business and property to a partnership composed of C. and P., the trade being effected by the partner who was the common member of both firms.   In part the consideration of the sale was that the purchasing firm assumed all the debts of the selling firm, and that the purchasing firm was to give its note to partner Y. of the selling firm, for a stated amount.   The transaction was consummated by the execution of a deed.   Subsequently the purchasing firm paid certain items of indebtedness of the selling firm, which were not disclosed to P. at the time of the sale; and partner Y., of the selling firm, collected certain accounts which had been sold to the purchasing firm, and appropriated the proceeds to his own use. The note contracted to be given to Y. by the firm of C. & P. was executed by C. in behalf of the firm of C. & P., and was for a larger sum than that agreed on, and the note was transferred, before due, to an innocent holder, who sued upon it to judgment, which judgment was paid by P.   Two years after the sale P. brought suit against C. and Y., alleging the foregoing facts, and 'that there are no debts owing by the said firm of [C. & P.], and no credits of said firm, and were none when this suit was filed,' praying for an accounting from C. and Y. as individuals, and for

judgment for a stated sum representing the excess of the note given by C. & P. to Y. over that agreed upon, and one half of the other several amounts referred to above." The Supreme Court held that the only right of action P. had was for the tort. On the second trial the pleadings were amended to conform to the ruling of the Supreme Court, and the plaintiff proceeded for the tort only, and a verdict was rendered in his favor. The defendants made a motion for a new trial, which was overruled, and they excepted.

It is not necessary to add anything further to what is ruled in the headnotes.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*