## 12294.  HENDERSON v. COOK.

JENKINS, P. J.  1.  Although a witness may have been successfully impeached, in that the jury believe that he has previously made statements contradictory to his sworn testimony as to matters relevant to the case, it is not required of them that they should disregard such of his sworn testimony as is in conflict with his previous statements, since the jury are still entitled to determine the credit to be given any portion of his testimony when thus impeached, including the part thus contradicted; and this is true although, in order to accept his sworn testimony, they must reject as untrue the previous contradictory statements which they believe to have been made.  *Waycaster* v. *State*, 136 *Ga.* 95 (3), 102 (70 S. E. 883).  It was therefore error for the judge to charge as follows:  "In this case the court instructs you that a witness may be impeached by proof of contradictory statements previously made by him as to matters relevant to his testimony and to this case.  If an attempt has been made by proof of contradictory statements previously made by any witness in this case to impeach that witness, you may determine, from all the testimony, first, whether any such statements have been made, and, secondly, whether such statements were contradictory statements to those which have been made by the witness on the stand, and, thirdly, whether they are material to his testimony and the case; and if any witness has been successfully impeached by proof of contradictory statements, you would disregard any statement in conflict with statements previously made, unless corroborated by other testimony, direct or circumstantial; and the credit to be given the balance of the testimony would be for the jury to determine."  See *Purvis* v. *Atlanta Northern Ry. Co.*, 136 *Ga.* 852 (72 S. E. 343); *Ga. Ry. & El. Co.* v. *Cocke*, 137 *Ga.* 720 (74 S. E. 244), in which the charges held to be erroneous were very similar to that excepted to in the instant case.

2. Where the court gives to the jury an instruction which is plain, specific, and erroneous within itself, such as might tend to prejudice the rights of a litigant upon one of the material questions in the case, the fact that subsequently and in connection with his charge upon another and kindred phase of the law, he may use language so general that it might possibly be construed as correctly covering the principle of law originally but erroneously charged upon cannot properly be taken as correcting or curing the original error.  Thus, the harmful effect of the charge referred to in the first division of the syllabus was neither corrected nor cured by this instruction immediately following:  "If a witness swears wilfully and knowingly false, his testimony should be disregarded by the jury, unless corroborated by other witnesses' testimony.  It is a question for the jury to determine whether a witness has been impeached, and the credibility of such witness, and the weight his testimony shall receive in the consideration of the case."  Even if such general instruction as is contained in the last sentence just quoted could properly be taken as sufficient to cure the plain and specific error complained of, when directly applied to and given in immediate connection with the erroneous charge (see ruling and dissent in *Scoggins* v. *State*, 23 *Ga. App.* 366, 98 S. E. 240), such could not be the rule where,

as here, the language which is relied upon as a correction does not follow the erroneous charge, but could reasonably and naturally be taken as having reference to the intervening instruction relative to another phase of the law of impeachment. *Central of Ga. Ry. Co.* v. *Deas,* 22 *Ga. App.* 425 (3) (96 S. E. 267). No question as to the correctness of the rule stated in the subsequent clause of the charge, which is thus relied upon purely as a correction of the previous error, is presented for determination.

3. In charging the law upon the degree of care required of the plaintiff, a child under the age of 14 years, the judge fully and clearly drew the distinction between the diligence required of such a plaintiff and the general rule applicable to adults, and later, in connection with the language excepted to, referred to the distinction which he had already pointed out, and instructed the jury to apply the previously given rule to the instructions then given. The jury could not, therefore, have been reasonably misled by the language complained of. The remaining exceptions to the charge fail to show any prejudicial error.

4. The exception taken to the admission of testimony is without merit, treating the statement complained of as having been made by the plaintiff himself. If, according to the peculiar ambiguous language used, such statement be taken as having been made by a mere -bystander, it would be inadmissible. But as the ambiguity is not likely to recur in a succeeding trial, it is not necessary to elaborate that phase of the exception.

*Judgment reversed. Stephens and Hill, JJ., concur.*

Decided November 1, 1921.

Action for damages; from Campbell superior court — Judge Hutcheson. January 15, 1921.

*Brewster, Howell & Heyman, Neil P. Sterne,* for plaintiff.

*Dickson & Camp, Napier, Wright & Wood,* for defendant.