## 16211.   OLIVER v. THE STATE.

A conviction will not be set aside by this court on the ground that the only witness for the State was impeached.

DECIDED MARCH 27, 1925.

Accusation of possessing and selling liquor; from city court of Houston county—Judge Riley.   December 29, 1924.

*Marx Kunz,* for plaintiff in error.

*J. W. Bloodworth, solicitor,* contra.

BLOODWORTH, J.   The plaintiff in error insists that the only witness for the State was impeached, and therefore the verdict is without evidence to support it.   The decisions from which the following quotations are taken settle the question against this contention.   "It being the exclusive province of the jury to determine the credibility of all witnesses, when an effort is made by any of the methods pointed out by law to impeach a witness, the jury then become the triors of the credibility, respectively, of the witness or witnesses by whose testimony the impeachment is attempted; and, accordingly, they have the right, under all the attendant circumstances and conditions, to determine whether credit shall be given to the witness whose credibility has been attacked, or to the witness or witnesses by whose testimony such attack is made, and thereupon decide whether the witness has or has not been impeached. . . A witness is never impeached, in contemplation of law, until there is a mental conviction, produced upon the mind of the jury by proof, that he is unworthy of credit." *Powell* v. *State,* 101 *Ga.* 9 (5, 5 *b*) (29 S. E. 309, 66 Am. St. Rep. 277). "The fact that the court will not undertake to review findings of fact by the lower court results not from a mere unwillingness to do so, but because the constitution excludes from its jurisdiction the hearing and determining of any errors other than those 'in law and equity.'   That there is no evidence to support a verdict rendered is a question of law, and may, therefore, be reviewed; but where there is evidence of a defendant's guilt, the sufficiency of this evidence to support the verdict is not rendered a question of law by reason of the fact that there was testimony which, if believed, would have successfully impeached each and all of the State's witnesses; nor that the State's testimony bears inherent indicia of untruthfulness." *Plummer* v. *State,* 1 *Ga. App.* 507 (57 S. E. 969).   "The determination of the credibility of the

witnesses is so exclusively within the province of the jury that the verdict finding a defendant guilty is not affected by the fact that the verdict is supported by the testimony of only one witness, whose testimony is directly in conflict with a large number of witnesses who had equal opportunity of knowing the facts, and who, so far as appears from the record, are worthy of credit. In the absence of any error on the part of the court or any irregularity which may have prejudiced the defendant, such a verdict, approved by the trial judge, is absolutely conclusive; because this court is without jurisdiction to review a finding upon the facts, which is supported by sufficient evidence." *Jolly* v. *State*, 5 *Ga. App.* 454 (63 S. E. 520). "The credibility of witnesses is a matter exclusively for the jury, and where, on the trial of a criminal case, one witness testifies positively to all the facts essential to constitute the offense charged, this court can not interfere with the verdict, no matter how many witnesses may have testified to the contrary, or how many circumstances may be adduced tending to disprove the testimony of the single witness. This is true even though an attempt was made at the trial to impeach the only witness for the prosecution, and though many witnesses testified that, from the general bad character of the witness, he was not worthy to be believed on oath." *Chatman* v. *State*, 8 *Ga. App.* 842 (1) (70 S. E. 188).

Under the foregoing rulings and the facts of this case the judgment must be

*Affirmed. Broyles, C. J., and Luke, J., concur.*