*F. W. Copeland, M. B. Eubanks,* for plaintiff.
*Porter & Mebane,* for defendants.

21274. FORD v. HOLLAND.

DECIDED DECEMBER 21, 1931.

*H. W. Nalley,* for plaintiff in error. *W. S. Mann,* contra.

JENKINS, P. J. In the instant mortgage-foreclosure proceeding, the only ground of the affidavit of illegality not stricken by the defendant was that in which the defendant pleaded a lack of jurisdiction in the court, alleging that she was not a resident of the county in which the proceeding was pending. While the evidence on this issue was in sharp conflict, the defendant testifying that

she was not a resident of Telfair county, in which the foreclosure proceeding was had, and that she had merely become temporarily domiciled in that county in order to send her child to school, and that her husband maintained a home for the family in an adjoining county, to which she made frequent visits during the school term, and while the testimony of the defendant was corroborated by that of her husband, it appears, without dispute, that the defendant had become engaged in the restaurant business in Telfair county, purchasing for that purpose the restaurant equipment on which the mortgage was executed, and that the defendant, her daughter and son, and two grandchildren resided in Telfair county in rooms rented by the defendant. There was testimony on behalf of the plaintiff to the effect that the defendant's husband, who was a woods-rider in the turpentine business, frequently spent the week-ends with the defendant in Telfair county, and that the defendant's son was entered in the local school in Telfair county as a resident pupil and did not pay the tuition charged nonresident pupils. The plaintiff testified that shortly before the mortgage was foreclosed the defendant told him that she lived in Telfair county and claimed it as her home. *Judgment affirmed. Stephens and Bell, JJ., concur.*