23846. NIPPER, guardian, *v.* MINIX, administrator.

DECIDED OCTOBER 29, 1934.

*W. H. Lasseter,* for plaintiff in error.

*Jay & Garden, Meeks & McDonald,* contra.

BROYLES, C. J. An execution in favor of Mrs. Susan Minix (who is represented by J. D. Minix, as administrator of her estate) and against H. J. Nipper, was levied upon a 1931-model Chevrolet automobile truck found in possession of H. J. Nipper, the defendant in execution. H. J. Nipper, as guardian for his two daughters, filed a claim to the truck, and upon the trial of the claim case the jury found the property subject to the execution. The court overruled the claimant's motion for a new trial, and on this judgment he assigns error.

On the trial of the case the plaintiff in execution attacked the credibility of the witness Nipper, and attempted to impeach him by proving that his testimony was contradictory to material statements previously made by him. Nipper testified that he individually had no interest in the truck; that the truck "is not fully paid for yet. What has been paid on it has been paid out of their [his daughters'] money;" that their grandfather gave them a farm, a mule, a wagon and cows, and that he "sold the mule about one

year ago and put it on this truck;" that he "bought this truck about three or four years ago. . . About a fifty-dollar payment was made at the time I bought this truck. I taken the children's money and paid it. . . Their grandfather gave them fifty dollars in money." The grandfather of the claimants testified: "I gave them a piece of land and a mule. . . I don't remember that I gave them any cows. I didn't give them any money. I didn't have none. I didn't give them a 1931-model Chevrolet truck." Plaintiff in execution introduced in evidence an insurance policy in which the truck was insured in Nipper's name individually, and in which it was recited that "said H. J. Nipper is the owner of said truck;" also a bill of sale to secure a debt which was signed by Nipper individually; also two witnesses who were present when the bill of sale was given, who testified that they never heard Nipper say any thing about the truck belonging to his daughters, and that "we asked him the question was the truck incumbered, and he said it was not. He gave us the paper, signed it himself." It is true, as insisted by the plaintiff in error, that any statements previously made by Nipper, in an individual capacity, relative to any property belonging to claimants, would not bind them, but, they having introduced Nipper as their witness, must get the benefit or detriment of his testimony, and as such witness he is subject to the same rules relative to his testimony as any other witness would be, and previous statements contradictory to his testimony might affect his credibility as a witness.

The property levied upon was found in the possession of the defendant in fi. fa., H. J. Nipper, and the burden was on the claimants to show that the property was their own. Without Nipper's testimony the evidence would not authorize a verdict in favor of the claimants, and the jury by their finding said that they did not accept his testimony. The credibility of Nipper as a witness was for the jury to determine. "It being the exclusive province of the jury to determine the credibility of all witnesses, when an effort is made by any of the methods pointed out by law to impeach a witness, the jury then become the triors of the credibility, respectively, of the witness sought to be impeached, and of the witness or witnesses by whose testimony the impeachment is attempted; and, accordingly, they have the right, under all the attendant circumstances and conditions, to determine whether credit shall be given

to the witness whose credibility has been attacked, or to the witness or witnesses by whose testimony such attack is made, and thereupon decide whether the witness has or has not been impeached." *Powell* v. *State,* 101 *Ga.* 10 (5) (29 S. E. 309, 65 Am. St. R. 277). The plaintiff in fi. fa. introduced in evidence the judgment and execution against Nipper, together with the fi. fa. and the levy showing that it was levied on the truck. The truck was found in the possession of Nipper and levied upon as his property. The burden was upon the claimants to establish their ownership of the property, and this they failed to do by testimony credible and satisfactory to the jury.

The 1st special ground of the motion for a new trial presents no question for the consideration of this court, since it complains of a lengthy excerpt from the charge without specifying wherein it is erroneous. *Callaway* v. *Pearson,* 21 *Ga. App.* 565 (94 S. E. 817). The 2d special ground is not complete and understandable without a reference to the preceding ground. *Dixon* v. *State,* 28 *Ga. App.* 756 (3) (113 S. E. 24). However, judging from the record and the brief of counsel for the plaintiff in error, the chief complaint of the charge is contained in the 3d special ground of the motion, which alleges that the following charge is error: "When a witness has been successfully impeached by any of the legal methods, that is, where his unworthiness of credit is absolutely established in the minds of the jury, he ought not to be believed, and it is the duty of the jury to disregard his entire testimony unless it is corroborated; in which case you may believe the witness; it being, as a matter of course, always for the jury to determine whether a witness has or has not been in fact so impeached." This identical charge has been approved as correct by the Supreme Court in *Landers* v. *State,* 149 *Ga.* 482 (100 S. E. 569), and by this court in *Bart* v. *Scheider,* 39 *Ga. App.* 471 (147 S. E. 430). See also *Parker* v. *State,* 3 *Ga. App.* 341 (59 S. E. 823) ; *Powell* v. *State,* 122 *Ga.* 571 (50 S. E. 369). The issue authorized such a charge, and the judge clearly instructed the jury that they "are at last the sole and exclusive judges of what witness or witnesses they will believe or disbelieve, and of what testimony they will credit or discredit;" that the jury are "the triors of the credibility of the witness sought to be impeached and of the witness or witnesses by whose testimony the attack is made, or by other evidence such as

54

documentary evidence. . . It is the exclusive province of the jury under all attendant circumstances and conditions to determine whether a witness has or has not been impeached."

The evidence authorized the verdict, no error of law is shown, and the court properly overruled the motion for a new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*