## 25832. MANER v. THE STATE.

BROYLES, C. J. 1. In a petition for certiorari an assignment of error upon an excerpt from the charge of the court presents no question for the reviewing court where it is not pointed out wherein the excerpt is erroneous, or why it should not have been given, or why different instructions should have been given. A petition for certiorari must "plainly and distinctly set forth the errors complained of." Code, § 19-203; *Mauldin* v. *Gainey,* 15 *Ga. App.* 353 (8) (83 S. E. 276); *Calloway* v. *Pearson,* 21 *Ga. App.* 565 (94 S. E. 817). This ruling disposes of all the assignments of error in the instant petition for certiorari based upon alleged erroneous excerpts from the charge.

2. An assignment of error in the petition for certiorari is as follows: "Because the court erred in ruling out that part of the testimony of L. O. Cleveland, which said ruling is contained on page 5 of this petition, and the evidence ruled out is contained on pages 4 and 5 of this petition." An examination of the transcript of the record discloses that neither page 4 nor page 5 of the petition for certiorari contains any testimony of L. O. Cleveland. Those pages set forth only the testimony of another witness, W. L. Moore. Under these facts the assignment of error does not *plainly* and *distinctly* show what is complained of and cannot be considered by this court.

3. Merchandise may cease to be interstate commerce at any intermediate point between the place of shipment and ultimate destination; and if kept at such point for the use and benefit of the owners and under the protection of the laws of the State, it becomes subject to the taxing and *police* power of the State. General Oil Co. *v.* Crain, 209 U. S. 211 (28 Sup. Ct. 475, 52 L. ed. 754); *Gaines* v. *Holmes,* 154 *Ga.* 344, 350 (114 S. E. 327, 27 A. L. R. 98). Under this ruling and the evidence in the instant case, the jury were authorized to find that the whisky seized in a warehouse in Atlanta, Georgia, was in the illegal custody, possession, and control of the defendant in Fulton County, Georgia. The court did not err in overruling the certiorari.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 25, 1936.

*Eugene Dickey, John M. Seal,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John S. Mc-Clelland, solicitor,* contra.