WILLIAMSON, administrator, *v.* WALKER, executor, *et al.*

604

*Highsmith & Highsmith,* for plaintiff.

DUCKWORTH, Justice. F. L. Williamson as administrator of the estate of Effie E. Williams, deceased, brought suit against M. W. Walker to enjoin a sale of land under a power of sale contained in a security deed from Effie E. Williams to M. W. Walker, and to cancel the deed. The action was based on the ground that the deed was given to secure a loan of money to pay debts of E. O. Williams, husband of the deceased, it being alleged that the lender and the husband were parties to a scheme whereby the wife was induced to sign the deed. Pending the cause Walker died, and his executors, James L. and Romie C. Walker, were made parties defendant. This is the second appearance of the case in this court. On the first trial, after the introduction of evidence, the court directed a verdict for the defendants. The plaintiff's motion for a new trial was overruled, and he excepted. This court reversed that judgment, on the ground that there were issues which should have been submitted to the jury. *Williamson* v. *Walker,* 183 *Ga.* 320 (188 S. E. 346). On the second trial the jury found in favor of the defendants. The plaintiff again moved for a new trial, assigning error upon the general grounds and fourteen special grounds. The court overruled the motion, and the plaintiff excepted. On the second trial the pleadings were the same and the evidence substantially the same as that introduced at the first trial. The plaintiff introduced evidence to prove that E. O. Williams went to Walker to borrow $1500 with which to pay his debts; that Walker, knowing the purpose of the loan, was willing to make the loan to Williams, who had no collateral, if he could get his wife, Effie E. Williams, to sign the papers and give a security deed to her place; that Walker, wishing to place his money where it would earn interest, aided and abetted the husband in persuading and inducing his wife

to sign the loan papers; and that, though the loan was closed in the name of the wife, all of the money obtained thereby was used by the husband, and the wife received no benefit therefrom. The defendants introduced evidence to prove that Mrs. Williams was active in seeking the loan, that the credit was extended to her, that Walker did not aid in inducing her to sign the loan papers, and that the money was used for her benefit. Three witnesses were introduced for the purpose of impeaching E. O. Williams, on whose testimony the plaintiff relied, by showing bad character. The plaintiff presented supporting witnesses. For a statement of the pleadings and a more detailed review of the evidence, reference is made to the statement in the former report. 183 *Ga.* 320. Still other facts will be given in the opinion which follows, in connection with the rulings on the various assignments of error. The general grounds of the motion for new trial have been abandoned, and it is necessary to deal only with the special grounds.

■ In the first special ground of the motion for new trial the plaintiff assigned error upon the refusal of a lengthy request to charge, which stated with great particularity the contentions of the plaintiff and the substance of the testimony of his witnesses, and in connection therewith stated that if the jury found these contentions to be the truth of the case they should find for the plaintiff, and, if not, they should find for the defendants. It would have been error for the court to give the charge requested, without giving in connection therewith with equal fullness the contentions of the defendants. *Melvin Mining & Investment Co.* v. *Matthews,* 147 *Ga.* 321 (93 S. E. 894); *Bank of LaFayette* v. *Phipps,* 24 *Ga. App.* 613 (2) (101 S. E. 696). In his general charge to the jury the judge sufficiently stated the contentions of the plaintiff, and correctly and fairly adjusted the principles of law contained in this requested charge to the facts of the case. Therefore it was not error to refuse to give the exact language of the requested instruction. *Broadhurst* v. *Hill,* 140 *Ga.* 211 (2) (78 S. E. 838); *Fambrough* v. *DeVane,* 141 *Ga.* 794 (2) (82 S. E. 249).

■ The court did not err, as contended, in giving the following charge: "The court further charges you, gentlemen, that if Mrs. Effie Williams executed a note and deed to secure debt to M. W. Walker over her property, and if she received the money representing the loan, and if she used the same for her own bene-

fit or to pay her obligations, or if the money was used by her husband for the benefit of Mrs. Effie Williams or to pay her obligations, then, gentlemen, the estate of Mrs. Effie Williams would be bound and obligated to pay the debt, gentlemen, regardless of who negotiated the loan or to whom the credit was extended." Error was assigned on that particular portion of the charge where it was stated that the estate of Mrs. Williams would be liable for the debt "if the money was used by her husband for the benefit of Mrs. Effie Williams or to pay her obligations," on the ground that under such a ruling the wife's estate would be liable even though such use was not known or authorized by the wife. The charge was not erroneous for any reason assigned. While a wife "may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void" (Code, § 53-503), she is a feme sole as to her separate estate, with the exception of these restrictions. There is no restriction against the wife's right to bind her separate estate to secure a loan, where the proceeds of the loan are used to pay her obligations or for her "benefit," whether the actual expenditure of the money be made by her or by some other person. *Saxon* v. *National City Bank of Rome,* 169 *Ga.* 784 (151 S. E. 501); *Magid* v. *Beaver,* 185 *Ga.* 669, 676 (196 S. E. 422).

■ The movant assigns error on the following excerpt from the charge: "You are to weigh the opposing testimony and at last say whether you will discredit the testimony of the witness sought to be impeached, and consequently give credit to that introduced by way of impeachment, or whether you will discredit the testimony introduced by way of impeachment and credit that of the witness attacked." The criticism is that the effect of the charge was to arraign the testimony of the witness whom it was sought to impeach against the testimony of the witnesses offered for the purpose of impeachment, and to instruct the jury that the acceptance of the testimony of the witness whom it was sought to impeach would necessarily discredit the testimony of the impeaching witnesses. There is no merit in this contention. The excerpt assigned as error appears to have been taken from the opinion in *Powell* v. *State,* 101 *Ga.* 9, 20 (29 S. E. 317, 65 Am. St. R. 277). In *Reed* v. *State,* 163 *Ga.* 206 (4), 217 (135 S. E. 748), where the

same criticism as here made was urged against practically the same charge, it was recognized that the charge was apparently taken from the opinion in the *Powell* case, and it was held that such a charge stated a correct principle of law and was not subject to the criticism made. That case is controlling in this instance. See also *Rice* v. *Eatonton*, 15 *Ga. App.* 505, 509 (83 S. E. 868); *Oliver* v. *State*, 33 *Ga. App.* 603 (127 S. E. 477); *Nipper* v. *Minix*, 50 *Ga. App.* 51 (176 S. E. 890).

▪ ■ The plaintiff assigns error, in four grounds of the motion, upon excerpts from the charge dealing with the lender's alleged connivance with the husband to persuade and induce the wife to hypothecate her property to borrow money to pay debts of her husband, the contention being that these portions of the charge placed upon the plaintiff the burden of showing greater participation on the part of the lender than is required by law. These assignments of error are not well taken; for it appears that the excerpts complained of are in accord with the law as expressed by this court on the former appearance of the case.

■ Error is assigned on the exclusion of the testimony of Ira Williams, a son of the intestate, who was offered as a witness for the plaintiff. The witness was an heir of the intestate, and thus interested in the result of the suit. Therefore he was incompetent to testify in his own favor as to transactions or communications with Walker, deceased. Code, § 38-1603 (1, 4). The plaintiff contends, however, that part of the testimony of the witness related to independent facts, and was therefore admissible. It appears that the defense counsel objected to the plaintiff's examination of the witness as to transactions and communications with the deceased. The judge, however, took the matter under advisement, and allowed the examination to proceed, with the understanding that the defendants could renew their objections. The witness was cross-examined, after it had been made clear that this was done subject to the previous objection. Thereafter the judge ruled that the witness was incompetent, and his evidence was excluded. It further appears that all of the "independent facts" which were in issue were elicited on cross-examination, and none on direct examination. In these circumstances the court did not err in excluding all of the testimony of the witness, especially since the plaintiff in his objection to the exclusion of this evidence did not attempt to

separate the "independent facts," if there were any, from that part of the testimony which was inadmissible. See *Skellie* v. *Central Railroad & Banking Co.,* 81 *Ga.* 56 (6 S. E. 811); *Arnold* v. *State,* 131 *Ga.* 494 (3) (62 S. E. 806).

■ The attorney who examined the title, prepared the loan papers, witnessed the security deed, and delivered the check for the money borrowed, testifying for the defendants, was asked whether he at any time as an attorney or abstractor approved for Mr. Walker any loan for Oliver Williams. The witness replied that he had not, and further stated: "This loan was made to Mrs. Williams, and not to Oliver Williams." The quoted portion of this answer was objected to on the ground that it stated a conclusion of the witness, and error is assigned upon the admission of this evidence over the objection. The testimony was not a conclusion, and the assignment is without merit.

■ Movant assigns error upon the admission in evidence of a copy of a deposit slip showing that the $1500 borrowed from Walker was deposited in the bank to the credit of Effie E. Williams. As the foundation for the admission of this deposit slip, a witness for the defendants testified that he was present and saw the deposit slip made, and that the deposit slip introduced in evidence was a copy of the original. The error assigned is that the witness was not competent to prove the execution, because he did not himself make the deposit slip or the copy. There is no merit in this contention. The testimony was competent to prove the execution of the instrument, and the court did not err in admitting the deposit slip in evidence over the objection. See *Proctor & Gamble Co.* v. *Blakely Oil &c. Co.,* 128 *Ga.* 606 (3) (57 S. E. 879).

■ The other grounds of the motion for new trial are without merit. The court did not err in overruling the motion.

*Judgment affirmed. All the Justices concur.*