### 30050. HAYNES v. PHILLIPS.

FELTON, J. 1. The court did not err in charging the jury that a witness might be impeached by disproving the facts testified to by him and by proof of general bad character and that if he was successfully impeached in either of the ways mentioned the jury should discard the witness's testimony from its consideration in its entirety unless it was corroborated in whole or in part or by other competent and creditable testimony which it believed or by the circumstances of the case, the court having stated at the conclusion of this part of the charge that it was always solely for the jury to determine whether a witness had been impeached as to matters the witness had testified about. *Duncan* v. *State*, 97 *Ga.* 180 (25 S. E. 182); *Powell* v. *State*, 101 *Ga.* 9 (5) (29 S. E. 309, 65 Am. St. R. 277); *Smith* v. *State*, 109 *Ga.* 479 (35 S. E. 59); *Holston* v. *Southern Railway Co.*, 116 *Ga.* 656 (43 S. E. 29); *Landers* v. *State*, 149 *Ga.* 482 (100 S. E. 569); *Powell* v. *State*, 122 *Ga.* 571 (50 S. E. 369); *Nipper* v. *Minnix*, 50 *Ga. App.* 51, 53 (176 S. E. 890); *Bart* v. *Scheider*, 39 *Ga. App.* 467, 471 (147 S. E. 430). If there is anything to the contrary in *Howell* v. *Cantley*, 28 *Ga. App.* 683 (112 S. E. 909), *Henderson* v. *Cook*, 27 *Ga. App.* 512 (108 S. E. 904), *Henrich* v. *McCauley*, 151 *Ga.* 138 (106 S. E. 94), *Purvis* v. *Atlanta Northern Railway Co.*, 136 *Ga.* 852 (72 S. E. 343), *Georgia Railway & Electric Co.* v. *Cocke*, 137 *Ga.* 720 (74 S. E. 244), and *Ware* v. *State*, 18 *Ga. App.* 107 (89 S. E. 155), they must yield to the older unanimous Supreme Court decisions cited above.

2. Where the plaintiff in the court below introduced evidence as to the bad character of a witness for the defendant to show him unworthy of belief and where the court charged the jury that a witness could be impeached by bad character, it was error for the court to fail, without request, to charge that a witness could be sustained by proof of good character, there being evidence of the witness's good character. *Moore v. State*, 55 *Ga. App.* 157 (189 S. E. 551).

3. Assuming for the sake of argument that the evidence authorized a charge that if the jury believed a witness swore wilfully and knowingly falsely his testimony should be disregarded entirely unless it was corroborated, it was not error to omit such a charge from the other charges on how a witness might be impeached, in the absence of a request therefor. *Smaha* v. *George*, 195 *Ga.* 412 (24 S. E. 2d, 385), and cit.

4. The general grounds of the motion for a new trial are not passed on. The court erred in overruling the motion for new trial, because of the error in failing to charge as stated in the second division of this opinion.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*

DECIDED JUNE 10, 1943.

*James D. Childs,* for plaintiff in error.
*John W. Bolton, A. W. White,* contra.