## 39560. SIMS v. HOFF.

DECIDED SEPTEMBER 6, 1962—REHEARING DENIED
SEPTEMBER 25, 1962.

*James L. Moore,* for plaintiff in error.
*T. J. Long, Ben Weinberg, Jr.,* contra.

RUSSELL, Judge. ■ Special grounds 1 and 2 of the amended

motion for new trial except to certain instructions of the trial court to the general effect that the defendant's pleaded allegation that the plaintiff was negligent in operating his motor scooter in an unsafe condition and without proper brakes was an allegation of negligence per se, in which connection he pointed out the pertinent provisions of *Code Ann.* § 68-1701 (a) and *Code Ann.* § 68-1715 (a) (2) requiring efficient and serviceable brakes and making it a misdemeanor for any person to drive a vehicle in an unsafe condition or without such brakes.

█ It is first contended that it was argumentative and prejudicial for the court to charge that a violation of the statute in question was a misdemeanor, a matter not pertinent to the issues of this case. While it is true that the punishment provided. for an infraction of the law is not relevant to the issues in a civil case, and may even be prejudicial, yet the fact that a violation of law has been committed is both relevant and material, and the law relative thereto is presumed to be the common knowledge of the citizenry. "The omission of specific acts of diligence prescribed by statute, or by a valid municipal ordinance, is negligence *per se,* and the court may so instruct the jury." *Central R. &c. Co. v. Smith,* 78 Ga. 694 (1) (3 SE 397). This is true whether or not a criminal penalty is exacted on conviction of the violation. *Teague v. Keith,* 214 Ga. 853 (1) (108 SE2d 489). "An act prohibited by a penal statute, and which might be negligence as a matter of law, is not negligence unless its commission is in violation of some duty owing, under the circumstances, by the person committing the act to another person, and is capable of having a causal connection with the injury inflicted." *Etheridge v. Guest,* 63 Ga. App. 637, 640 (12 SE2d 483). "When any specific act or dereliction is so universally wrongful as to attract the attention of the lawmaking power, and this concrete wrong is expressly prohibited by law or ordinance, a violation of this law, a commission of the specific act forbidden, is, for civil purposes, correctly called negligence per se." *Platt v. Southern Photo Material Co.,* 4 Ga. App. 159, 163 (60 SE 1068). The judge properly charged that under the Code sections referred to the petition alleged negligence per se and he did not, in connection therewith, so emphasize the penal sanctions involved as to "cause the jury to believe that the act of

plaintiff riding the motor scooter was a misdemeanor," as contended.

■ It is further contended that the charge was not authorized by the evidence, for the reason that the only evidence that the plaintiff did not have proper brakes on his motor scooter comes from the testimony of a police officer who stated that the plaintiff told him immediately after the collision that he had no brakes on his motor scooter and could not stop. Proof of such an admission by a party opponent has a value beyond that of its use for impeachment purposes; it is evidence of negligence upon which a verdict may be based. *Faulkner v. Brown,* 92 Ga. App. 602 (89 SE2d 583); *Code* § 38-403; Green, Ga. Law of Evidence, § 233. The charge was not error for any reason assigned.

■ Error is also assigned on the following portion of the charge: "If a witness should be successfully impeached, that is to say, if it is proven to the satisfaction of the jury that such witness is not worthy of belief, in that event it would be the duty of the jury to disregard the testimony of such witness entirely unless it be corroborated by other credible and unimpeached evidence, direct or circumstantial." Substantially identical language was held proper in *Holston v. Southern R. Co.,* 116 Ga. 656 (3) (43 SE 29), citing *Smith v. State,* 109 Ga. 479 (2) (35 SE 59). The latter case points out that the assignment of error was not full or fair because the charge of the court included, in addition to the language set out there similar to that excepted to here, other instructions to the effect that although testimony is introduced for the purpose of impeachment, the jury have the right to believe the witness's testimony if they find he spoke the truth. Here the court charged in the immediate connection: "Where an effort has been made to impeach a witness, it is for the jury to determine whether or not such effort has been successful. . . The credibility of witnesses is a matter exclusively for the jury. It is for you to determine the weight and credit that should be given to the testimony of each and all of the witnesses." To the same effect see *Atlanta &c. R. Co. v. Hudson,* 2 Ga. App. 352, 354 (58 SE 500); *Haynes v. Phillips,* 69 Ga. App. 524 (26 SE2d 186) and citations. None of these

cases contains the vice inherent in *Black & White Cab Co. v. Cowden,* 64 Ga. App. 477 (13 SE2d 724) and *Purvis v. Atlanta Northern R. Co.,* 136 Ga. 852 (2) (72 SE 343), which is that a court should not so charge on impeachment of witnesses as to leave the jury with the impression that mere proof of contradictory statements previously made is such an impeachment of the witness as to place the duty on them of disregarding his testimony, regardless of whether the contradictory statements were subject to some reasonable explanation, such as that they were an honest mistake. Where the court charges that the contradictory statements are such as pertain "to matters relevant to his testimony and to the case" the charge is not error for failing to state further that the testimony must be material. *Kuttner v. Swanson,* 59 Ga. App. 818 (2 SE2d 230). The charge on impeachment was without error.

■ The third special ground assigns error on (a) the court charging the substance of a stipulation between opposing counsel which is not contended to have been inaccurate in any particular, and (b) on another portion of the charge as being "unsound and erroneous because such violations or conduct of the plaintiff were negligent and the approximate cause of the plaintiff." As to the plaintiff, who is the complainant, the assignment of error shows neither error nor injury.

■ The remaining special ground is abandoned. Concerning the general grounds of the motion for a new trial, the evidence showed without dispute that the plaintiff, traveling west, was approaching a through intersection on a motor scooter behind an automobile making a right turn, and that the defendant, traveling south on the intersecting street, stopped at the intersection and then made a left turn into it. The parties suffered a head-on collision within the intersection. The plaintiff was thrown to the pavement on the left side of the street, and the motor scooter was found approximately on the center line or slightly to its left. Whether the plaintiff was in fact on the left side of the street in the path of oncoming traffic at the moment of collision because he was attempting to pass a line of automobiles waiting for the first car to make its turn, or whether the defendant was negligent in cutting across the intersection into

the path of the plaintiff who was traveling on a street which had the right of way, was a question for the jury under contradictory testimony, and the jury resolved the question in favor of the defendant.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*