## 46427. ARCHER v. PARSON.

PANNELL, Judge. Lenzie Archer, complainant, brought an action against J. W. Parson, defendant, in the Superior Court of Richmond County, Georgia, alleging the defendant was a resident of Richmond County. The defendant filed a plea alleging that he was a resident of Hart County at the time of the filing of the complaint and service upon him, and that the courts of Hart County and not the Superior Court of Richmond County had venue of the case. Upon the trial of the case, the trial judge directed a verdict for the defendant on his plea of jurisdiction based on lack of venue. The plaintiff appealed. *Held:*

While defendant's evidence may have brought him within the ambit of the ruling in *Peacock v. Collins,* 110 Ga.

281 (34 SE 611), which ruling was that "the mere removal by a married man of his wife and children to a city not within the county of his residence, and the occupancy by the family of a rented house in such city, did not effect a change of his domicile, when it affirmatively appeared that his sole purpose in making such removal was to send his children to school for a limited period, that he kept the home from which he had thus temporarily removed his family furnished and spent much of his own time therein, that he continued to discharge the duties of citizenship incident to residence by him in the county wherein that home was located, and that there was at no time any intention on his part to provide, either for himself or his family, a fixed place of abode in the city referred to, or that he or any of them should permanently reside there"; yet, where, as in the present case, there is additional evidence of the defendant's application for automobile tags involving payment of the tax on the automobile showing that the defendant, under oath, gave his residence as being in Richmond County, this evidence was sufficient to make a question for the jury as to his legal residence. See in this connection *Ford v. Holland,* 44 Ga. App. 454 (161 SE 647). The prior extra-judicial admissions of a party to an action may be offered in evidence, not only for the purpose of impeachment, but for substantive evidence of the fact sought to be proved thereby. *W. T. Harvey Lumber Co. v. J. M. Wells Lumber Co.,* 104 Ga. App. 498 (2) (122 SE2d 143); *Sims v. Hoff,* 106 Ga. App. 626 (1 b) (127 SE2d 679); *Burk v. Hill,* 119 Ga. 38 (45 SE 732); *Wootten v. Braswell,* 48 Ga. App. 312 (2) (172 SE 679); *Richmond County v. Sibert,* 218 Ga. 209, 212 (126 SE2d 761). The evidence being sufficient for the submission of the issue to the jury, the trial court erred in directing a verdict for the defendant.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*
SUBMITTED SEPTEMBER 7, 1971—DECIDED NOVEMBER 18, 1971—
REHEARING DENIED DECEMBER 7, 1971.

*Jay M. Sawilowsky,* for appellant.
*David Levine, A. Montague Miller,* for appellee.