No. 61.—ELDRIDGE A. TIPPINS, plaintiff in error *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] In simple Larceny, the thief may be tried in any county in which he may be found in possession of the stolen goods: but a trial in one county will be a bar to a trial in every other.

Indictment for Larceny in Columbia Superior Court, and

motion for new trial.    Decided by Judge Holt at Chambers, January 2nd, 1854.

Eldridge A. Tippins was placed upon trial under an indictment for the Larceny of a bale of cotton in the County of *Columbia*.    He pleaded "*autre fois acquit*," and in support thereof, introduced the exemplification of the record of an indictment and trial in *Richmond* County, for the larceny of the same bale of cotton : on which trial, he was found "not guilty."    The presiding Judge held the former acquittal in Richmond County, no bar to the indictment in Columbia County.

A motion for a new trial was made, upon that ground, alone, which being refused, is now brought before this Court for review.

Rogers for plaintiff in error.

Att'y General, Shewmake for defendant in error.

*By the Court.*—Benning J., delivering the opinion.

(1.) The question is whether the Court below erred in holding that an acquittal for simple larceny in one county, is not a bar to a prosecution for the same larceny, in another county.

In 1784, Georgia adopted as much of "The common laws of England" as was not contrary to the Constitution, Laws and form of Government, then established in the State.    (*Pr. Dig.* 570.)

According to the Common Law, all offences are "to be inquired into as well as tried in the county in which the fact" is committed.    (4 *Black Com.* 305.    2 *East Cr. Law* 771, 2.    *Rus. on Crimes* 173.)    And as to the offence of larceny, the fact is considered as committed in each and every county into which the thief may pass, having the stolen goods in possession.    (20 *Ibid.*)    He may therefore be tried in any one of the counties into which he may so pass.    (20 *Ibid.*)    The crime is regarded as completely committed in all its parts in each county ; as much so in the last county as in the first.    And yet it does not become a new and distinct crime at any point on its way, but it continues

to be the same crime from beginning to end.   Its identity is no more lost, in its passing from place to place, than is personal identity lost as men pass from infancy to old age.

This is another principle of the Common Law : " Where a man is once found not guilty on an indictment or appeal, free from error, and well commenced before a Court which hath jurisdiction of the cause, he may, by the Common Law, in all cases, plead such acquittal in bar of any subsequent indictment or appeal for the same crime." (*Hawk. Pleas of the Crown.* 524, 526.)

These principles of the Common Law do not appear to be contrary to the Constitution, Laws, or form of Government existing in Georgia in 1784.   They accord indeed, with the Constitution, Laws, and form of Government then existing.   They require crimes to be tried in the county in which they may have been committed : so did the Constitution of 1777 in force in 1784.

Have these principles been repealed or changed since ?— They have been only re-affirmed.   The Constitution of 1789, as well as that of 1798, require criminal causes to be tried in the county in which they may have been committed.   There is no Statute, with which they conflict.   They therefore remain in force in Georgia to this day.

It was, however, insisted for the State, that the provision in the Constitution of 1798, which requires all criminal cases, with a few exceptions, to be " tried in the county where the crime was committed," had with respect to larceny abrogated the rule which permits the offender to be tried in any county in which he may be found in the possession of the stolen goods. But how can that be unless the Constitution, in this regard, had introduced a new rule ?

Had the Constitution said that the *nature* of the offence of larceny should be changed so that it should no longer be considered as completely committed in any county except one, and that one the county in which the goods might have been first taken, then the repeal of the Common Law to the extent contended for by the State's Counsel, would have followed.   But

it says nothing of the sort. It does not touch the nature of larceny or of any other crime. Nor does any Statute in this respect. This, therefore, as well as those other rules of the Common Law, still remains in force in Georgia.

In simple larceny, the thief may be tried, therefore, in any county in which he may be found in possession of the stolen goods ; but a trial in one county, will be a bar to a trial in every other.

Nothing remains but to apply this to the facts of the case. That will be done by simply stating the facts.

Tippins was indicted in Columbia county for stealing a bale of cotton. He pleaded specially that he had been acquitted in the Superior Court of Richmond county, on an indictment for the same stealing of the same bale. Evidence was introduced in support of the plea. The Judge instructed the Jury that the former trial of the defendant in the county of Richmond, for the larceny of the same chattel which he was charged in that proceeding with having stolen, constituted no legal bar to the indictment in Columbia. The jury found the defendant guilty. He moved for a new trial for alleged error committed by the Court, in giving the jury this charge. The Court overruled the motion, and the defendant excepted to that decision, and brought the case into this Court on a writ of error. These being the facts, and the Law being as above stated, it is manifest that the Court erred in refusing the new trial.

The decision of the Court ought therefore to be reversed, and a new trial should be ordered.