## WILLIAMS *v.* THE STATE.

A verdict of guilty upon an indictment charging the accused with the specific offense of entering and stealing from a railroad-car is not, as to venue, sustained by evidence shewing merely that the accused carried the stolen goods into the county where the trial took place, but in such case it should affirmatively appear that the larceny from the car actually occurred in that county.

(a) The evidence in the present case was not sufficient to show that the offense charged was committed in the county where the trial was had, and the verdict of guilty was for that reason illegal and should have been set aside.

Submitted November 8, — Decided November 18, 1898.

Indictment for larceny from railroad-car. Before Judge Felton. Bibb superior court. September 26, 1898.

*M. G. Bayne,* for plaintiff in error.
*Robert Hodges, solicitor-general,* contra.

COBB, J. Williams was indicted in the superior court of Bibb county for the offense of entering and stealing from a railroad-car. Having been convicted, he made a motion for a new trial on the grounds that the verdict was contrary to law and the

evidence, and because the venue of the offense was not proven. The motion was overruled, and the accused excepted.

The evidence adduced upon the trial was, in substance, as follows: About eleven o'clock on the night of May 9, 1898, W. F. Coombs got on a sleeping-car at Jesup and went to bed and to sleep. The train ran through Bibb county that night. Coombs did not wake up until he got to a place near Atlanta next morning, when he found that he had lost certain articles of value, among which were a vest and a gold watch and chain. The vest he afterwards recovered from the agent of the railroad, with whom it had been left by some person. The watch was in the vest pocket when Coombs retired to bed, but was not in the vest when he received it from the agent. The watch taken from the accused by the officers was the same watch that was lost, but the initials "J. H. W." had been put on since. Jesup is about sixty miles from Macon. The accused was arrested on the 3d day of August in the city of Macon, and the watch taken from him at that time. Accused said, when arrested, that he had bought the watch last fall in Houston, Texas. The porter of the sleeping-car from which the articles were taken testified that he did not see any one get on the car after it left Jesup. He "saw some tracks in the dust on the steps and platform after we left Bullards, which looked like some one had gone in the car," but "did not see where they went out. The train did not stop between Bullards and Macon. . . The train stopped about 7 or 8 minutes at Macon the morning Mr. Coombs was on the train." He "did not see any one get on the train or get off the train at Macon while the train stopped. . . The train runs about four miles an hour after it gets into the city limits. . . Bullards is not in Bibb county, but in Twiggs county, and joins Bibb." There was also evidence tending to show that the accused had had the watch repaired in July, and had had the initials "J. H. W." engraved on the watch, but it did not appear when this was done. There was evidence that "a white man" had brought the vest which was lost and given it to the roadmaster at the Southern depot, and said that he had found it on the railroad, about two miles from Macon, in Bibb county; also that the train stops at an iron drawbridge in Bibb county before com-

ing into the city.　The accused worked at the Southern railroad yard as a fireman on a local engine.

Even conceding that the evidence above recited was sufficient to show that the accused was the perpetrator of the larceny charged in the indictment, the evidence as to the venue of the offense was entirely too weak to authorize his conviction.　The only evidence as to this was the testimony of the porter of the sleeping-car, and the fact that the vest which was lost had been delivered to an agent of the railroad company by a white man,ⁱ who said that he found it on the railroad in Bibb county.　It certainly needs no argument to demonstrate that this evidence is utterly insufficient to show where the actual entering and stealing took place.

Section 29 of the Penal Code provides that "all criminal cases shall be tried in the county where the crime was committed, except cases in the superior courts where the judge is satisfied that an impartial jury can not be obtained."　Section 155 defines the offense of simple larceny, and provides that "the thief may be indicted in any county in which he may carry the goods stolen."　Such was the rule at common law, the reason being that the theft "is considered as committed in each and every county into which the thief may pass, having the stolen goods in possession."　*Tippins* v. *State*, 14 *Ga.* 422.　The legal possession still remaining in the owner, every moment's continuance of the offense amounts to a new taking and carrying away.　Clark's Crim. Pro. 10.　While it is true that simple larceny is an essential element of the offense of entering and stealing from a railroad-car, the latter offense belongs to the same class of larcenies as larceny from the house and larceny from the person, and is a distinct offense.　Penal Code, §185.　In the case of simple larceny, the taking and carrying away may properly be considered as committed in every county into which the thief carries the goods.　But the offenses of larceny from the house, larceny from the person, and entering and stealing from a railroad-car, can only be considered as committed in the county in which the actual taking and carrying away or entering and stealing takes place.　A simple *taking and carrying away* may indeed be so considered, but a taking and carrying away from the

*house* or from the *person,* or the entering and stealing from the *car,* can never be considered as taking place but once, that is, at the place where the house, person or car happens to be located at the time. The offense of simple larceny, which is a component part of the offense of entering and stealing from a railroad-car, is committed in every county into which the thief carries the goods, and he may be there indicted and tried for this offense; but if the State elects to try him for the compound offense, the venue must be laid and proved in the county where the actual entering and stealing took place.

Without deciding whether the evidence in the present case, irrespective of the question of venue, was sufficient to authorize a conviction, we are clear that the venue was not proved; and the judgment is reversed for that reason.

*Judgment reversed. All the Justices concurring, except Simmons, C. J., not presiding, and Lumpkin, P. J., absent.*