## HENRICH v. McCAULEY.

After charging the jury that a witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case, it was error to add that it is for the jury alone to say whether or not any witness has been thus impeached; and that should the jury find that any witness has been thus impeached, they should discard his testimony from their consideration in its entirety, unless corroborated in whole or in part by other competent testimony. (By three JJ.)

No. 2056.  FEBRUARY 17, 1921.

Appeal. Before Judge Walker. Lincoln superior court. April 12, 1920.

*Little, Powell, Smith & Goldstein, Colley & Colley,* and *R. C. Norman,* for plaintiff.

*Alvin G. Golucke* and *Clement E. Sutton,* for defendant.

HILL, J. Martha Henrich filed a petition to the court of ordinary of Lincoln County, for the probate of the will of Carl Henrich, deceased. Mrs. Ruby McCauley filed a caveat to the probate of the will, on the ground that it was not signed by Carl Henrich or any one authorized by him. On appeal to the superior court the jury trying the issue found in favor of the caveatrix against the propounder. A motion for new trial was overruled, and the propounder excepted.

1. The motion involves the question whether the charge of the court was erroneous on the subject of impeachment of a witness by contradictory statements made by him previously as to matters relevant to his testimony and to the case, and also whether the charge was authorized by the evidence. It was error for the court, after charging the jury Civil Code (1910) § 5881, which is as follows: " A witness may be impeached by contradictory statements made by him previously as to matters relevant to his testimony and to the case," etc., to charge: " It is for you and you alone to say whether or not any witness or witnesses have been thus impeached in the way set out in the section of the code just read to you. If you should find that any witness in the case has been thus impeached and in the way set out, then you would discard his or their testimony from your consideration in its entirety, unless corroborated in whole or in part by other competent testimony in the case." *Powell* v. *State,* 101 *Ga.* 9, 20 (29 S. E. 309, 65 Am. St. R. 277); *Waycaster* v. *State,* 136 *Ga.* 95 (3), 102 (70 S. E. 883).

2. There is sufficient evidence in the record to authorize a charge on the subject of impeachment of a witness by contradictory statements made previously as to matters relevant to his testimony and to the case.

3. As the case is to be returned for another hearing, we express no opinion on the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur, except Fish, C. J., and George, J., dissenting.*

BECK, P. J., concurs in the judgment.