25961. HARGETT *v.* THE STATE.

MacINTYRE, J. 1. The evidence authorized the inference that a conspiracy existed between the defendant and other persons to commit the robbery, and that the defendant aided and abetted the robbery by supplying two pistols used by the other persons for that purpose.

2. "It is necessary that the testimony of an accomplice be corroborated by evidence connecting the defendant with the perpetration of the offense, in order to authorize a conviction. It is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. *Taylor* v. *State*, 110 *Ga.* 151 [35 S. E. 161]; *Dixon* v. *State*, 116 *Ga.* 186 [42 S. E. 357]. Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. *Evans* v. *State*, 78 *Ga.* 351; *Roberts* v. *State*, 55 *Ga.* 220. The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence. *Chapman* v. *State*, 109 *Ga.* 165 (34 S. E. 369)." *Hargrove* v. *State*, 125 *Ga.* 270, 274 (54 S. E. 164).

3. This is not a case where the facts as detailed by the accomplice are simply the robbery and its details and the accomplice says the defendant participated, but in this case there were other witnesses of facts which tended to show that the defendant on trial was implicated in the crime. *Childers* v. *State*, 52 *Ga.* 106. In the instant case the jury were authorized to find that the accomplice was sufficiently corroborated. See also, *Whaley* v. *State*, 177 *Ga.* 757 (171 S. E. 290).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED FEBRUARY 2, 1937.

*R. Terry,* for plaintiff in error.
*A. J. Perryman, solicitor-general, W. R. Flournoy,* contra.