28690. BLACK AND WHITE CAB CO. *v.* COWDEN.

478

DECIDED MARCH 11, 1941.

*Douglas, Andrews & Cole, Samuel D. Hewlett,* for plaintiff in error. *J. V. Poole,* contra.

MacINTYRE, J. Hubert Cowden recovered damages for injuries from the Black and White Cab Company. The defendant excepted to the overruling of its motion for new trial.

The judge charged the jury as follows: "Gentlemen, to impeach a witness is to prove to the satisfaction of the jury that such witness is not worthy of belief. One method of impeachment is by disproving the facts testified to by a witness. Another method is by proof of contradictory statements previously made by the witness as to matters material to his testimony and material to the case. It is for the jury to say whether or not a witness has been successfully impeached. If you find that any witness has been impeached, then it would be your duty to disregard the testimony of that witness entirely, unless it is corroborated in whole or in part by other unimpeached testimony. However, I instruct you that this rule of law about the impeachment of witnesses must be considered by you in connection with the rule which I have given you with reference to the credibility of witnesses, as the weight which the jury will give to the testimony of all witnesses is a matter for the jury to determine for itself." In the motion for new trial the defendant contends that in this instruction the judge erroneously charged that before a witness could be impeached a party had to prove to the satisfaction of the jury that the witness was not worthy of belief, and that the court entirely disregarded two fundamental principles of law, to wit: "A wit-

ness may be impeached by disproving the facts testified to by him." (Code, § 38-1802), and "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case" (§ 38-1803). The defendant further contends that "the law does not place upon a party litigant a duty first to prove to the satisfaction of the jury that a witness is not worthy of belief, before the jury may consider that the witness is impeached."

We can not agree to these contentions. In *Long* v. *State,* 127 *Ga.* 350, 355 (56 S. E. 444), the court said: "If a witness has been successfully impeached, he has been shown to be utterly unworthy of credit, and, of course, a witness in this position should not be believed." In *Waycaster* v. *State,* 136 *Ga.* 95, 103 (supra), the court stated: "There are several ways in which a witness may be impeached. A witness is impeached when the jury is convinced by proof upon the trial that he is unworthy of credit. Whether or not a witness has been impeached is a question for the jury." In *Powell* v. *State,* 122 *Ga.* 571 (50 S. E. 369,) the court said: "Where a witness has been successfully impeached by any of the legal methods, that is where his unworthiness of credit has been absolutely established in the minds of the jury, he ought not to be believed, unless corroborated; it being, of course, always a matter for the jury to determine whether a witness has been really so impeached." We think this is but another way of telling the jury that when a witness has been successfully impeached by disproving facts testified to by him, or by a contradictory statement previously (knowingly and falsely) made by him as to matters relative to his testimony and to the case, that is, where his unworthiness or credit is absolutely established in the minds of the jury, such witness should not be believed, and it is the duty of the jury to disregard his entire testimony unless it is corroborated, and that it is always solely for the jury to determine whether a witness has been impeached in fact. *Long* v. *State*, supra.

Ground 7 of the motion complains, that, after charging the jury that a witness may be impeached by contradictory statements previously made as to matters relative to his testimony and the case, it was error to add: "It is for the jury to say whether or not a witness has been successfully impeached. If you find that any witness has been impeached, then it would be your duty to

disregard the testimony of that witness entirely, unless it is corroborated in whole or in part by other unimpeached testimony." This charge is in effect the same as the charge in *Henrich* v. *McCauley,* 151 *Ga.* 138 (106 S. E. 94), which the court held was erroneous. In fact, the charge here is almost verbatim the same as the charge in that case. But the only witness who had made any previous contradictory statement in the instant case was the single witness for the *plaintiff,* and the error in the charge was that thereunder the jury was in effect told that the *plaintiff's sole witness* was impeached if he had merely mistakenly made a contradictory statement before the trial, whereas the law is that the jury could not impeach the *plaintiff's witness* unless the contradictory statements had been wilfully and falsely made. It therefore seems to us that the charge was in favor of the *defendant;* for it allowed the *defendant* to impeach the *plaintiff's* witness by showing a mere contradictory statement, even though it had not been wilfully and falsely made, but merely mistakenly. Therefore we think the charge was harmless as against the complaining party.

In ground 9 the defendant contends that the court erred in failing to charge the jury on accident; that is, if the occurrence was what is known in law as the result of a casualty, the plaintiff could not recover. The defendant seems to rely on *Atlanta Railway & Power Co.* v. *Gaston,* 118 *Ga.* 418 (45 S. E. 508), and *Atlanta Knoxville & Northern Railway Co.* v. *Gardner,* 122 *Ga.* 82, 92 (49 S. E. 818). However, it should be noted that the Supreme Court, in *Savannah Electric Co.* v. *Jackson,* 132 *Ga.* 559, 563 (supra), stated that the decision in *Atlanta Railway & Power Co.* v. *Gaston* was not by a full bench, and that they did not agree to the reasoning therein. In *Alabama Great Southern Railroad Co.* v. *Brown,* 138 *Ga.* 328, 332 (75 S. E. 330), the court said: "Complaint is made that the court erred in failing to instruct the jury that if the injury to the plaintiff was the result of an accident, the plaintiff was not entitled to recover. The failure of the court to charge the jury specifically what their finding should be in case they should determine from the evidence that the injury complained of resulted from an accident does not afford a ground for a new trial, in the absence of a written request to charge upon that subject. 'An accident, as the term is used in connection with cases of this character, means an injury which occurs without be-

ing caused by the negligence of either the plaintiff or the defendant. That the defendant itself is free from fault furnishes it a defense, not that the plaintiff is faultless. Where the judge instructs the jury that if the defendant has used all ordinary care and diligence there can be no recovery, it can not be said to add a distinct and substantive defense to also prove that the plaintiff is free from fault. A charge that if the injury resulted from an accident, and neither party was at fault, there can be no recovery, is in the nature of an elaboration or additional statement of the proposition that the defendant is not liable if it is without fault. It may be proper to give such a charge, if requested, but, being merely elaborative, it does not involve such a distinct defense as to make it error to fail to give it in the absence of a request.'" We think the rule there stated is applicable here to this ground of the motion for new trial.

The evidence authorized the verdict, and it was not so grossly excessive as to indicate prejudice and bias.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*