29616. SANDERS *v.* THE STATE.

DECIDED JULY 1, 1942. REHEARING DENIED JULY 24, 1942.

*Grady Gillon,* for plaintiff in error.
*Charles H. Garrell, solicitor-general,* contra.

GARDNER, J. The defendant was convicted of larceny of an automobile on two counts (1 and 3) of an indictment which contained nine counts. He was acquitted under the other counts. The indictment alleged that the defendant had been convicted of cow stealing and had served a felony sentence therefor. His motion for new trial was overruled and he excepted. We will first deal with the special grounds, in their order:

■ In ground 1 the defendant assigns error because the court unduly called the attention of the jury to the fact that the defendant had previously been convicted of cow stealing and had served a sentence therefor. It is contended that since the defendant admitted the former conviction the court should not have called it to the attention of the jury at all, except to the extent that if they should find the defendant guilty of the offense for which he was being tried his sentence should, under the law, be the maximum of five years. We think that where the allegation in an indictment as to a former conviction and service is admitted to be true it is not necessary for the court to refer to it, and, in some cases, it may be injurious to the defendant if it be unnecessarily referred to. But in this case, if it be conceded that the court referred unnecessarily (seven times) to the former conviction, we do not think under the record that it was harmful. The court charged the jury to determine whether or not the allegation as to a former conviction had been established, and if so the jury would, in fixing the punishment for the offenses for which the accused was being tried, give him the maximum term, but that the jury might, if they had a reasonable doubt as to his former conviction, give him the minimum by recommending a misdemeanor punishment. Presenting this view, which was indeed most favorable to the defendant, required more elaboration than would otherwise have been required. The charge complained of required the State to carry a burden which did not rest on the State under the evidence and under the defendant's statement. If so it was harmless. The Supreme Court and this court have many times held that a charge, though erroneous, if harmless, does not require a reversal. We find no error in this ground.

■ Grounds 2 and 3 complain of the charge to the jury touching conspiracy. (a) It is contended that since the charge was not confined to the conspiracy between the defendant and the codefend-

ant, J. B. Hutto Jr., it was for this reason erroneous and a new trial should be granted. The conspiracy itself is but evidentiary as to the means of committing the crime charged in the indictment, and there is a rule of evidence whereby when a conspiracy is once established the act of one conspirator is· the act of the other, and vice versa, during the pendency of the conspiracy, as was set out in *Daniels* v. *State, 58 Ga. App.* 599 (199 S. E. 572) : "The conspiracy of itself is no crime. The conspiracy is an incident to, and one of the means by which, the act is accomplished." We know of no principle of law in this State that would prevent one person from being indicted for a crime, or any one or more being indicted for a crime, and at the trial exclude evidence to show the existence of a conspiracy to commit such crime as between the accused and any number of other persons, although the other members of the conspiracy might not be included within the indictment. (*b*) Complaint is made that the court recalled the jury and instructed them first regarding the contentions of the defendant as to count 3, touching his denial as to the conspiracy to steal the automobile as described in that count. Error is assigned for the reason that the court did not likewise instruct the jury as to the charge contained in count 1. It is contended that this was confusing to the jury and therefore harmful to the defendant. If the record revealed that either count 1 or count 3 was dependent on the evidence imputed by reason of an established conspiracy and during the pendency of it, the contention might appear more tenable. However, we have read the record carefully and there was ample evidence to convict the defendant on each of the counts regardless of any reference to conspiracy. It would seem that the jury acquitted the defendant on the counts where the incident of· conspiracy was required as a means of proving the crime. There is no merit in these grounds.

■ Grounds 4 and 5 assign error on the ground that the evidence showed the automobiles for which the defendant was convicted of stealing, were stolen in counties other than Bibb (if stolen at all), and were brought into Bibb County. It is admitted that under the Code, § 26-2602, the thief may be indicted in any county in which he may carry the stolen property, but it is contended that the indictment should allege the county of the original larceny and the bringing of the property into the county taking

jurisdiction of the case. In the indictment before us it is alleged that the larceny was committed in Bibb County. The evidence shows that the property was first taken or stolen in another county and brought into Bibb County. The Code section fixing the venue for the trial of a thief in any county into which he may carry the property is but declaratory of the common law. In an early decision of the Supreme Court, *Tippins* v. *State*, 14 *Ga.* 422, 423, it was held: "And as to the offense of larceny, the fact [crime] is considered as committed in each and every county into which the thief may pass, having stolen goods in possession. . . He may therefore be tried in any one of the counties into which he may so pass. . . The crime is regarded as completely committed in all its parts in each county; as much so in the last county as in the first." Also, in Underhill's Criminal Evidence, 4th ed., 1037, § 512, under the subject "larceny" we find this statement: "An allegation of larceny in one county is supported by evidence of a taking in another and a transportation into the county where the venue is laid." In support of this the following authorities are cited: Douglas v. State, 91 Ark. 492 (121 S. W. 239); Commonwealth v. Dewitt, 10 Mass. 154; People v. Burke, 11 Wend. (N. Y.) 129. We find no merit in these grounds.

■ Ground 6 complains that since the court charged the jury with reference to impeachment of witnesses he should have further charged "that if a witness swear wilfully and knowingly falsely, his testimony ought to be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." On the subject of impeachment the court's full charge was as follows: "I charge you, gentlemen, a witness may be impeached by disproving the facts testified to by him. A witness may be impeached by proof of general bad character. A witness may be impeached by proof of contradictory statements previously made by the witness which are relevant to the issues on trial and to the case. I charge you, if a witness is successfully impeached you would discard from your consideration his or her testimony in its entirety unless it is corroborated by other unimpeached evidence or by the circumstances in the case. If a witness is successfully impeached, that is to say, his unworthiness of credit is established to the satisfaction of the jury, you would discard from your consideration his or her testimony in its entirety unless it is corroborated by other un-

710

impeached evidence or by the circumstances in the case. And the court charges you, when a witness has been successfully impeached, that is to say, his unworthiness of credit has been established to the satisfaction of the jury, the testimony of that witness should be rejected entirely unless it is corroborated as to material matters by other competent and credible evidence or is corroborated as to material matters by the facts and circumstances of the case, as you find them to be. I charge you that it is the exclusive province of the jury to determine the credibility of all witnesses, and when an effort is made to impeach a witness the jury then become the triors of the credibility of the witness sought to be impeached, and accordingly, the jury have the right under all the attendant facts, circumstances, and conditions to determine whether or not credit shall be given to the witness whose credibility has been attacked, and thereupon, the jury decides whether the witness who has been attacked has or has not been impeached."

Under the authority of the case cited in the headnote of this division of the opinion, without a written request to charge as contended by the defendant, the charge in this case presents no cause for reversal. There is nothing in *Harper* v. *State,* 17 *Ga. App.* 561 (87 S. E. 808), contrary to what is here ruled. Indeed, the charge was more favorable to the defendant in regard to contradictory statements than the law requires. The court charged that "a witness may be impeached by proof of contradictory statements previously made by the witness which are relevant to the issues on trial and to the case." This part of the charge would have authorized the jury to impeach a witness even though he had mistakenly made a contradictory statement before the trial. The law requires the statement to be knowingly, willfully, and falsely made. If a witness knowingly and wilfully swears falsely in a material matter his testimony should be rejected entirely unless corroborated by facts and circumstances of the case or other credible evidence. The charge complained of made no distinction between the two, and was therefore more favorable to the defendant. The error was harmless as to the defendant under the facts of this case. See *Pierce* v. *State,* 53 *Ga.* 365; *Black & White Cab Co.* v. *Cowden,* 64 *Ga. App.* 477 (13 S. E. 2d, 724); *Henrich* v. *McCauley,* 151 *Ga.* 138 (106 S. E. 94). These cases lay down the true rule as follows: "If a witness knowingly and wilfully swears falsely

in a material matter, his testimony should be rejected entirely, unless it be corroborated by the facts and circumstances of the case, or other credible evidence." The contentions in this ground are not meritorious.

The evidence was ample to sustain the verdict. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*