29366. SISK *v.* LANDERS.

DECIDED JULY 8, 1942.

*G. Seals Aiken,* for plaintiff in error. *Philip Etheridge,* contra.

MACINTYRE, J. Mrs. Cobbie Randall Landers brought suit against Mrs. Sisk, for an alleged balance due on a note given for the purchase-price of a certain lot of land. The defendant filed an answer denying any indebtedness to the plaintiff. She filed a cross-action seeking to recover of the plaintiff $661 principal, together with interest thereon. The jury returned a verdict for $229 in favor of the plaintiff.

The evidence for the plaintiff, if believed by the jury, was sufficient to support the verdict. If, however, the jury had seen fit to believe the evidence for the defendant they would have been authorized to find a verdict in the defendant's favor. "The right of the jury to settle disputed issues of fact is supreme and exclusive." *Charles* v. *Brooker,* 1 *Ga. App.* 219 (58 S. E. 218). "The Court of Appeals has said: 'This court is a court for the correction of errors in law and in equity alone. It has no authority to entertain an assignment of error that the verdict is contrary to the evidence, if there is any evidence at all to support the verdict. This ground in the motion for new trial is addressed to the discretion of the trial judge, upon whom is imposed the duty of being satisfied with a verdict before he approves it.' *Bell* v. *Aiken,* 1 *Ga. App.* 36 (2) (57 S. E. 1001). Our Supreme Court has said, in a case where the verdict would have been an outrage upon justice unless a particular witness in behalf of the plaintiff in the court below had testified truly: 'The credibility of this witness was attacked by every means known

to the law, including contradiction by another witness, evidence of bad character, and his own previous affidavit to a written report of the facts at variance with his testimony at the trial; yet the jury, if not themselves corrupt, must have believed him, for they found for the plaintiff; and the court below having approved their finding, this court is constrained by law to acquiesce. Relatively to the revising powers of this court, the jury are the exclusive judges of the credibility of the witnesses. The law provides for setting aside judgments obtained by perjury after conviction of that offense.' *Rome Railroad Co. v. Barnett,* 94 *Ga.* 446 (5) (15 S. E. 639). This court has said: 'The whole question of the credibility of witnesses is wisely left to the jury under any and all circumstances.'" *Aycock v. State,* 62 *Ga. App.* 812 (10 S. E. 2d, 84). "The evidence for the State, if believed, was sufficient to support the verdict. The jury being the judges of the weight of the evidence, this court can not disturb the judgment refusing a new trial." *Carter v. State,* 58 *Ga. App.* 16 (197 S. E. 333).

■ Special ground 4: The plaintiff introduced in evidence a letter from the defendant, paragraph 4 thereof being as follows: "As for paying me for any legal service I might have rendered you, I told you from the beginning that I was not charging you anything. I saw no one else was going to do anything about the matter so I went into it not knowing where it might lead. First, a matter of ethics was involved; with that cleared away, there was our friendship. Many people not trained in legal matters find it hard to understand why the law can not remove all obstacles in the way of one's rights. I like to handle these matters for the experience it gives me. I think most lawyers expect to do a great deal of work without pay for the first years of their practice. Physicians have two years of interneship for which they get very little except experience, but it is worth it. In fact, it is very necessary to their profession. I feel that every phase of legal work that I can handle, with or without pay, is worth while. Do not hesitate to command me any time I can assist you. There will be no charge." A part of the direct examination of the defendant was as follows: Q. "Did Mrs. Landers ever pay you anything for attorney's fees?" A. "No. I did not charge her anything for legal services." Q. "But she claims to have allowed you a payment of $40 for legal services?" A. "I did not accept it." Then

the defendant wanted to testify that the reasonable value of the services would have been $700 to $800, or more. But the plaintiff offered the defendant $40 for such services, and the defendant (not the plaintiff) felt insulted by what defendant says was such a ridiculous offer. Then the plaintiff wanted to testify to the way in which the question of legal services came in, although the defendant was not now (at the time of the trial) claiming any attorney's fees against the plaintiff. The defendant's counsel objected on the ground that the defendant had testified orally and a letter had been introduced by the plaintiff, signed by the defendant, expressly stating that she was not charging for legal services. Thereupon counsel for the defendant stated in about two and one-half pages of double-spaced typewritten matter what he expected to prove relatively to the nature, existence, and value of the legal services of the defendant to the plaintiff, if allowed by the court so to do. The plaintiff's attorney objected to the testimony on the ground that there was no issue raised by the defendant as to attorney's fees. The defendant's counsel contended that what he intended to prove "illustrates the motives and attitudes of the parties, their personal credibility, their interest, etc." The court sustained the objection.

It seems to us that the defendant had not raised any issue that she was entitled to credit on her note for attorney's fees, and had then, expressly, in her testimony delivered on the trial, disclaimed any intention to claim any such attorney's fees or to ask for any such credit on her note. We therefore think that the judge did not err in ruling out this testimony, some of which would have encumbered the record with long recitals, conversations, and digressions, which were totally unnecessary to determine whether the item of $40 attorney's fees should have been credited on the note. Counsel for the plaintiff in error in his brief suggests that the ruling of the judge was contrary to Code § 38-1712 which provides: "The state of the witness' feelings to the parties, and his relationship, may always be proved for the consideration of the jury." The bad feeling of the parties might bear on their credibility as witnesses, but could not otherwise affect the question of the plaintiff's or the defendant's recovery. *Whitlow* v. *State,* 74 *Ga.* 819. It does not appear from the record that the plaintiff was asked whether she had any ill feeling toward the defendant,

or that she denied having such feeling. "The refusal of the court to permit counsel for defendant to ask a witness for the State about a difficulty between him and defendant, to show his ill feeling toward defendant, is not error, unless the witness denies such ill feeling." *Sasser* v. *State,* 129 *Ga.* 541 (6) (59 S. E. 255). We do not think the judge committed reversible error for the reasons assigned in this ground.

■ Ground 5: The suit was on a promissory note, and there was a controversy as to several of the many credits. The largest item in controversy involved the validity of a note for $780 made by the plaintiff to the defendant. The controversy as to this note was as to whether it had been delivered. Ground 5 states in part: "Because movant contends that the court erred in rejecting, on direct examination of her by her attorney, Mr. Aiken, the evidence set forth in this ground which she offered in her own behalf [consisting of over seven pages of typewritten matter]; this evidence was offered immediately after the court ruled out all evidence relative to services as an attorney rendered by Mrs. Sisk to Mrs. Landers: (a) Direct examination of Mrs. Sisk by Mr. Aiken: The witness: 'Your honor, I would like to be permitted to set out the various transactions between Mrs. Landers and myself from' the beginning of our acquaintance, showing just how—' The court: 'We can not let you go into that.' The witness: 'I am not trying to testify about attorney's fees. What I am trying to testify about are the various transactions which took place between Mrs. Landers and myself from the beginning of our acquaintance. How she came to my home to live. I had never seen nor heard of her before. I would like to testify about the transactions, showing how she appealed to my sympathy and I kept yielding to her appeals for help when I was not financially able to do so; how she kept promising every day that her property would be divided, that it could then be sold, or she could secure a substantial loan—' The court: 'You can not go into those transactions.' Mr. Aiken: 'If your honor pleases, I don't think you understand the witness is not trying to testify now about the attorney's fees or professional services rendered by her to Mrs. Landers, but she is only seeking to testify as to the transactions between herself and Mrs. Landers leading up to the loans and advances made by Mrs. Sisk to Mrs. Landers, and leading up to the financial dealings between them

which took place during the period covered by this suit.' The court: 'In my opinion, those matters are not relevant, and I rule them out.' Mr. Aiken: 'If you refuse to allow said evidence, I would like to be understood as having offered said evidence regarding said transactions. I would also like to be understood as having urged it before your honor.' The court: 'While I will not allow said evidence, I will consider that you have offered it and urged it and have made the necessary showing as to what you expect to prove without detailing the evidence before the jury.' Movant offered, tried, and expected to testify as follows when she was interrupted and prevented from doing so by the ruling of said trial judge: . ."

The matter sought to be testified to was over seven pages of typewritten matter which the judge thought was irrelevant. The excluded evidence referred to in this ground seems to have covered all the excluded evidence referred to in ground 4, and in addition contained other recitals and conversations which we do not think were necessary to determine the material issues in the case, and therefore we do not think the judge committed reversible error in ruling out the testimony, for the reasons assigned.

■ Ground 6: There was no request to charge, but the movant contends that the court erred in failing to charge the jury as follows: "I charge you that the law of this State provides: A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him (unless judicial proceedings), the time, place, person, and circumstances attending the former statement shall be called to his mind with as much certainty as possible; and if in writing the same shall be shown to him, or read in his hearing, if in existence; and to lay this foundation, he may be recalled at any time. When thus impeached, he may be sustained by proof of general good character, the effect of the evidence to be determined by the jury." It is contended that this charge was applicable and pertinent to the issues, and especially so in view of the contradictory statements made by the respondent, and contradictory pleadings filed by her under oath. Such a charge would have authorized the jury to impeach the witness even though she had mistakenly made a contradictory statement before the trial, while the law is that the jury can not im-

peach the witness unless the statement is wilfully and falsely made. *Henrich* v. *McCauley,* 151 *Ga.* 138 (106 S. E. 94). We think the true rule is, "If a witness knowingly and wilfully swears falsely in a material matter, his testimony should be rejected entirely, unless it be corroborated by the facts and circumstances of the case, or other credible evidence." *Pierce* v. *State,* 53 *Ga.* 365, 369. See also *Black & White Cab Co.* v. *Cowden,* 64 *Ga. App.* 477 (13 S. E. 2d, 724); *Waycaster* v. *State,* 136 *Ga.* 95 (3), 103 (70 S. E. 883). We do not think the charge contended for was the correct form of charge as applied to the pleadings and evidence in this case. Nor do we agree with the contention that the charge eliminated the method of impeachment set forth in the Code, § 38-1803, that "a witness may be impeached by contradictory statements." The judge charged, "You gentlemen also have a right to consider the witness' personal credibility in so far only as the same may legitimately appear to you from the trial of this case. Now, gentlemen, the state of a witness' feelings to the parties may also be proven for the consideration of the jury, and a witness may be impeached by disproving facts testified to by him. Whether or not a witness has been successfully impeached is a question for the jury. If you find that a witness has been successfully impeached about a material matter, her credit as to other matters is for the jury, and if the jury finds that a witness has sworn wilfully and knowingly falsely, her testimony ought to be disregarded entirely unless corroborated by circumstances or other unimpeached evidence." None of the other assignments in this ground are meritorious.

■ Ground 7: The court charged the jury in part as follows: "Now, the plaintiff, gentlemen, in answer to the contentions made by the defendant in this case, the plaintiff says that she does not owe this note. Plaintiff says that this note was not her contract. She says that she never executed a note of this kind to the defendant at any time. She says that she might have signed some blank note which the defendant in the case has filled out for an amount not authorized by her or owing by her. Gentlemen; if the plaintiff in this case had executed a note in blank and had delivered it to the defendant in the case for the purpose of having her place in that instrument the amount she owed or having given her authority to enter some amount, why, then, she would be liable for the

amount that she authorized to be placed in there although it might have been done by the defendant in the case. However, if she signed a blank note which the defendant had filled in for an amount which plaintiff did not owe and for an amount which defendant was not authorized to fill in, why, then, gentlemen, the plaintiff in the case would not be bound by that note. [The plaintiff, gentlemen, says in answer to the contentions made by the defendant that she never signed the note, that is, the plaintiff says that she didn't sign the note that the defendant has in her possession]; the plaintiff says that it was evidently filled in, that there was some blank note that she signed, and the defendant filled in without any authority. Defendant says, in answer to that contention, that the note was made for the sum of $780 and was completely filled in and was completely made out at the time of its execution. So, gentlemen, if it was completely filled out, or if it was made out for the sum which plaintiff was indebted, or the note was given in blank and with the authority to be filled in for a sum of money owing by the plaintiff to the defendant, and if the defendant filled in the sum of money, why, then plaintiff would be bound by it." The part of the charge enclosed in brackets is contended to have been erroneous because "the said Mrs. Landers admitted that the signature on said note was hers and that the charge of the court quoted necessarily conveyed to the jury the impression that Mrs. Landers denied that said note contained her signature. Movant contends the fact that Mrs. Landers admitted the note contains her signature was equivalent to admitting that she signed the note."

The part of the charge objected to, when considered in connection with the context, was not erroneous for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*