40909. GEE v. THE STATE.
40910. BROOKS v. THE STATE.

HALL, Judge. The defendants assign error on the overruling of demurrers to their indictment as accessories before the fact to larceny of an automobile, and to the overruling of their motions for new trial. *Held*:

1. The indictment charged the defendants with the offense of being accessories before the fact to larceny of "one Oldsmobile Starfire Coupe automobile of the value of $3,000.00 and the property of Belvedere Builders, Inc." The trial court did not err in overruling the defendants' demurrers on the ground that the indictment does not give the year model, the serial number, or the motor number of said automobile, and said property is not described with sufficient definiteness to enable defendants to ascertain the specific charge they are called on to meet, and, in the event of second prosecution, to plead their former acquittal or conviction. *Carson v. State*, 22 Ga. App. 551 (96 SE 500); *Mitchell v. State*, 89 Ga. App. 80 (78 SE2d 563).

2. Counsel for the State points out that the ground of the motion for new trial complaining of the court's charge on impeachment of a witness was defective in form because it alleged an excerpt from the charge was error in that it failed to include additional instructions (*Grier v. State*, 43 Ga. App. 348, 158 SE 634), and the ground did not set forth or point out the evidence which would render it necessary to give the instructions allegedly erroneously omitted (*Moulder v. State*, 108 Ga. App. 588, 134 SE2d 61), nor show that the charge harmed the defendant. The cases cited support the State's position. Furthermore, when an instruction upon the subject of impeachment "is abstractly correct, and not apparently prejudicial, the fact that fuller instructions upon the subject could properly have been given will not require the grant of a new

trial, in the absence of a written request calling the attention of the court to the propositions which have been omitted and which it is contended are material." *Hightower v. State,* 14 Ga. App. 246 (2) (80 SE 684); *Huff v. State,* 104 Ga. 521, 524 (30 SE 808); *Smaha v. George,* 195 Ga. 412, 419 (24 SE2d 385); *Sanders v. State,* 67 Ga. App. 706 (21 SE2d 276); *Jones v. State,* 70 Ga. App. 431, 453 (28 SE2d 373).

3. The defendants contend that the uncorroborated testimony of an accomplice was not sufficient to establish the venue of the crime in Fulton County. The gist of the rule that a conviction cannot rest upon the uncorroborated testimony of an accomplice is that the accomplice's testimony showing *the defendant's guilt* must be corroborated. "If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said as a matter of law, that the verdict is contrary to the evidence." *Whaley v. State,* 177 Ga. 757 (3) (171 SE 290); *Mitchell v. State,* 202 Ga. 247, 248 (42 SE2d 767); *Allen v. State,* 215 Ga. 455, 457 (111 SE2d 70). "Also, slight evidence that the crime was committed by the defendant will corroborate the accomplice and warrant conviction . . . Corroborating testimony need not of itself be sufficient to warrant conviction, and need not be corroborating in every material point." *Kilgore v. State,* 67 Ga. App. 391, 392 (20 SE2d 187); *Davis v. State,* 25 Ga. App. 532 (103 SE 819); *Hargett v. State,* 55 Ga. App. 192 (189 SE 675); *Potter v. State,* 83 Ga. App. 713, 717 (64 SE2d 630); 2 Wharton, Criminal Evidence 260-264, §§ 468, 469; 23 CJS 97, § 812 (2). The question of venue is not material to the defendant's *guilt* of the crime. We find no authority holding that an accomplice's testimony to establish venue must be corroborated. The accomplice's testimony as to venue in Fulton County in this case was positive and was not contradicted. "Evidence as to venue, though slight, is sufficient where there is no conflicting evidence." *Climer v. State,* 204 Ga. 776, 781 (51 SE2d 802).

4. Fulton County was a proper venue for the defendants' trial even though the defendants' acts making them accessories before the fact of the larceny were committed in Jackson County. The evidence showed that the principal thief stole the automobile in DeKalb County and drove it through Fulton County. The offense of larceny "is considered as committed in each and every county into which the thief may pass,

having the stolen goods in possession. . . The crime is regarded as completely committed in all its parts in each county. . . And yet it does not become a new and distinct crime at any point on its way, but it continues to be the same crime from beginning to end." *Tippins v. State,* 14 Ga. 422, 423. The thief of an automobile may be indicted in any county into which he has carried the stolen goods. *Lanier v. State,* 25 Ga. App. 489 (103 SE 730); *Sanders v. State,* 67 Ga. App. 706, 709, supra. ". . . Under the Georgia law, where the accessory and the principal are subject to the same punishment, there is no separate crime of being an accessory before the fact, but . . . such accessory and principal are guilty of one and the same offense, and guilty alike, the mere manner of its commission being the only difference." *Chambers v. State,* 194 Ga. 773, 782 (22 SE2d 487). "An accessory before the fact is indictable and triable in the county where the principal crime was committed." *Welch v. State,* 49 Ga. App. 380 (2), 387-389 (175 SE 598). Accord *Grant v. State,* 47 Ga. App. 234, 236 (170 SE 394); 22 CJS 460, § 184.

5. The trial court did not err in overruling the following motion by the defendant: "I move for a mistrial on the basis of the remarks made by the Solicitor General in connection with this witness that he is the sheriff's witness and the sheriff's friend as being highly prejudicial and that those remarks have made a fair trial for the sheriff impossible." After overruling the motion for mistrial the court instructed the jury not to consider the Solicitor's remarks [that "this is a hostile witness, Sheriff's [defendant's] witness . . . I will change that to the sheriff's friend," made in response to an objection to the Solicitor's asking a leading question] nor any testimony from the witness with reference to being a friend or witness for the Sheriff, and to dismiss that entirely from their minds. The defendant contends the prejudicial effect of the Solicitor's remarks could not be eradicated by the instructions given by the court. Considering the nature of the remarks and the circumstances under which they were made, and the action taken by the trial judge, it does not appear that a mistrial was essential to the preservation of the right of fair trial. We will not, therefore, interfere with the discretion of the trial judge in denying a mistrial. *United Motor Freight Terminal Co. v. Hixon,* 78 Ga. App. 638 (51 SE2d 679).

Furthermore, the Georgia Supreme Court has held that if, follow-

ing a motion for mistrial and instructions by the court to the jury for the purpose of eradicating any prejudicial effect of counsel's remarks, "counsel was not satisfied with the instructions given by the court, he should have renewed his motion for mistrial," and it was not error to overrule a ground of a motion for new trial based on the denial of the motion for mistrial. *Kendrick v. Kendrick*, 218 Ga. 460, 462 (128 SE2d 496).

The present decision is not in conflict with the decisions relied on by the defendant, because in those cases the nature of the remarks requiring a new trial, in the circumstances in which they occurred, were strongly prejudicial, and the court's action to remove the prejudicial effect was inadequate.

The trial court did not err in overruling the demurrers to the indictment and the special grounds of the motion for new trial, and the general grounds are abandoned.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

DECIDED SEPTEMBER 24, 1964—REHEARING DENIED OCTOBER 9, 1964.

*Jack S. Davidson, James M. Roberts,* for plaintiffs in error.

*William T. Boyd, Solicitor General, J. Robert Sparks, J. Walter LeCraw,* contra.